2006 ND 147

**Amanda REKKEDAL, Plaintiff
and Appellant**

v.

**Amber FEIST, Defendant and Appellee.**

**No. 20050430.**

Supreme Court of North Dakota.

June 30, 2006.

Corey J. Quinton, Oppegard, Wolf & Quinton, Moorhead, MN, for plaintiff and appellant; on brief.

Carlton J. Hunke and Robin A. Schmidt, Vogel Law Firm, Fargo, ND, for defendant and appellee; on brief.

CROTHERS, Justice.

[¶ 1] Amanda Rekkedal appeals from a district court judgment dismissing, without prejudice, her personal injury suit against Amber Feist due to Rekkedal's failure to timely file a complaint. Rekkedal argues her suit should not have been dismissed because the demand to file complaint was not served in accordance with Rule 4(c)(3), N.D.R.Civ.P. We reverse.

I

[¶ 2] Rekkedal and Feist were involved in an automobile accident on April 30, 1995. Rekkedal was injured in the accident and commenced litigation by service of a summons and complaint upon Feist by mail on October 24, 2000. The parties affirm that limited discovery took place at this time. No further activity occurred until January 11, 2005, when Feist demanded that Rekkedal file the complaint. The demand was mailed first class, but no return receipt was requested.

[¶ 3] On January 26, 2005, Rekkedal's attorney wrote Feist's attorney acknowledging receipt of the demand. Rekkedal's attorney expressed difficulty contacting Rekkedal and requested an extension. On February 22, 2005, Rekkedal's attorney again notified Feist's attorney that he had been unable to contact Rekkedal.

[¶ 4] The complaint was ultimately filed with the district court on June 10, 2005. Feist moved for dismissal on September 2, 2005. A hearing was held on October 17, 2005, and the district court granted Feist's motion. Rekkedal appeals, arguing dismissal was improper because the demand to file the complaint was not served in accordance with the rules of civil procedure.

II

[¶ 5] Before reaching the merits, two factors in this case require that we first determine whether this appeal is within this Court's jurisdiction. First, Rekkedal appealed from an October 17, 2005, order for judgment of dismissal rather than from a final judgment. However, a consistent judgment was subsequently entered on February 9, 2006. We therefore treat this as an appeal from the judgment dismissing Rekkedal's claims without prejudice. *Koehler v. County of Grand Forks*, 2003 ND 44, ¶ 6 n. 1, 658 N.W.2d 741.

[¶ 6] Second, dismissal without prejudice generally is not appealable because either party may commence another action. *Runck v. Brakke*, 421 N.W.2d 487, 488 (N.D.1988). However, we recently explained:

[A] dismissal without prejudice may be final and appealable where the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum. We have consistently held that where a statute of limitations has run, a

dismissal of the entire action effectively forecloses litigation in the courts of this state. Thus, a dismissal without prejudice is appealable where a statute of limitations has run.

*Sanderson v. Walsh County*, 2006 ND 83, ¶ 6, 712 N.W.2d 842 (citations and quotations omitted). Here, Rekkedal will be barred by the statute of limitations from further pursuing this claim. Therefore, although dismissal was without prejudice, the decision has the practical effect of terminating litigation and is appealable.

### III

█ [¶ 7] If a complaint is not filed when the action is commenced, Rule 4(c)(3), N.D.R.Civ.P., allows a defendant to serve a demand to file the complaint on the plaintiff: "The defendant may serve a written demand on the plaintiff to file the complaint. Service of the demand *must* be made under subdivision (d) on the plaintiff's attorney or on the plaintiff if the plaintiff is not represented by an attorney." (Emphasis added.) The relevant portion of subdivision (d) requires personal service be made:

> by (i) delivering a copy of the summons to the individual personally; (ii) leaving a copy of the summons at the individual's dwelling house or usual place of abode in the presence of a person of suitable age and discretion then residing therein; (iii) delivering, at the office of the process server, a copy of the summons to the individual's spouse if the spouses reside together; (iv) delivering a copy of the summons to the individual's agent authorized by appointment or by law to receive service of process; or (v) any form of mail or third-party commercial delivery addressed to the individual to be served and requiring a

signed receipt and resulting in delivery to that individual.

N.D.R.Civ.P. 4(d)(2)(A).

[¶ 8] When a plaintiff is represented by counsel, Rule 4(c)(3), N.D.R.Civ.P., requires service "on the plaintiff's attorney." Feist argues that because service was required upon Rekkedal's attorney rather than Rekkedal, the service procedures under Rule 5(b), N.D.R.Civ.P., should have been available to her. Rule 5(b) requires service upon an attorney to be made "by delivering a copy to the attorney or party, or by facsimile transmission if available to the attorney or party, or by mailing or delivering via third-party commercial carrier a copy to the attorney or party.... Service by mail is complete upon mailing." Rekkedal does not dispute that service upon her attorney was required; she simply argues the service options under N.D.R.Civ.P. 4(c)(3) and 4(d)(2) create a strict procedure that must be followed. We agree.

█ [¶ 9] Rule 4(c)(3) establishes a specific procedure for serving a demand to file a complaint, stating, "Service of the demand *must* be made under subdivision (d)." (Emphasis added.) Rules of court are interpreted by applying principles of statutory construction. *State v. Lamb*, 541 N.W.2d 457, 459 (N.D.1996). Therefore, words are to be interpreted and understood in their ordinary sense. N.D.C.C. § 1-02-02. When the wording is unambiguous, the letter of it should not be disregarded "under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. No interpretation of Rule 4(c)(3) other than the "strict procedure" urged by Rekkedal can reasonably be made from a reading of the rule. Any doubt is resolved by the Joint Procedure Committee explanatory notes, which indicate:

> Rule 5 applies to service of papers other than "process." In contrast, Rule 4 gov-

erns civil jurisdiction and service of process. When a statute or rule requiring service does not pertain to service of process, nor require personal service under Rule 4, nor specify how service is to be made, service may be made as provided in Rule 5(b).

Here, Feist's demand to file complaint was served in accordance with N.D.R.Civ.P. 5(b). However, the only reasonable interpretation of Rule 4, N.D.R.Civ.P., which allows for service of such a demand, requires service be made personally or via mail with return receipt.

[¶ 10] We recognize that Rekkedal's attorney actually received the demand, and in other contexts, this Court has excused irregular procedures when a party has actual knowledge of an event. *E.g., Thorson v. Thorson*, 541 N.W.2d 692, 694–95 (N.D. 1996). In *Thorson*, we concluded a party has "actual knowledge" when that party has taken timely action that is clearly evidenced in the record, such as filing a motion with the court. *Id.* at 694. Here, no timely action by Rekkedal is apparent from the record. Moreover, the only cognizable record action that Rekkedal could have performed was filing the complaint in accordance with Rule 4(c)(3), N.D.R.Civ.P., as demanded by Feist. Therefore, compliance with the strict service requirements of Rule 4(c)(3) cannot be excused on the basis this Court has recognized for other rules.

▆ [¶ 11] Documents filed with this Court by Rekkedal included an appendix, which fails to conform with the rules of appellate procedure. Rule 30(a)(1), N.D.R.App.P., provides that "[o]nly items in the record may be included in the appendix." Rekkedal's appendix contains discovery that was exchanged between the parties in 2000 and 2001 but which was not filed with, or considered by, the district court. This Court will not consider evidence outside the record below. *Schmidt v. Schmidt*, 2003 ND 55, ¶ 22, 660 N.W.2d 196. Because such an inappropriate attempt to supplement the record on appeal was made, we deny costs on appeal as a sanction, consistent with Rule 13, N.D.R.App.P. *Van Dyke v. Van Dyke*, 538 N.W.2d 197, 203 (N.D.1995).

[¶ 12] We reverse the district court's judgment dismissing Rekkedal's action.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., THOMAS J. SCHNEIDER, D.J., concur.

[¶ 14] The Honorable THOMAS J. SCHNEIDER, D.J., sitting in place of KAPSNER, J., disqualified.