2007 ND 91

Linda OLSRUD, Plaintiff and Appellant

v.

BISMARCK–MANDAN ORCHESTRAL ASSOCIATION, aka Bismarck–Mandan Symphony Orchestra, Defendant and Appellee.

No. 20060239.

Supreme Court of North Dakota.

June 12, 2007.

Deborah J. Carpenter, Carpenter Law Offices, Bismarck, N.D., for plaintiff and appellant.

Gary R. Wolberg, Fleck, Mather & Strutz, Bismarck, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] Linda Olsrud appeals from a judgment dismissing with prejudice her action against the Bismarck–Mandan Orchestral Association ("Association"), a nonprofit corporation, after the district court decided Olsrud's service of the summons and complaint on the Association was improper. We conclude Olsrud's service of process on the Association was improper, and we affirm the dismissal of the action but modify the judgment to dismiss Olsrud's action without prejudice.

I

[¶ 2] After the Association terminated Olsrud's employment, she obtained a February 21, 2006, opinion from the North Dakota Attorney General, which concluded the Association was supported in part by public funds and was a public entity subject to North Dakota's open records and meetings law; the Association did not violate the open records law by refusing to give Olsrud copies of personnel records, but violated the open records law by failing to provide her with other requested reports, minutes, meeting notices, and information, with appropriate redactions; the Association violated the open records law by failing to give public notice of meetings by it and its executive and personnel committees; and the Association violated the open records law by failing to give notice of its meetings to Olsrud, an individual who had asked to receive notice. N.D. Op. Atty Gen.2006-O-04.

[¶ 3] The attorney general's opinion listed the steps needed to remedy the violations:

The Association must provide to the requestor copies of all of the records requested. The Association must redact information that is confidential and may redact personnel information that is exempt, under N.D.C.C. § 44-04-18.1 or other applicable law.

In addition to providing copies of notices and minutes for meetings occurring from August 24, 2004, through August 24, 2005, the Association must provide to Ms. Olsrud copies of notices and minutes for meetings occurring from August 24, 2005, to the present, and must, in future, provide notice of its meetings to the public and Ms. Olsrud prior to its Board and committee meetings, in accordance with N.D.C.C. § 44-04-20.

Failure to take the corrective measures described in this opinion within seven

days of the date this opinion is issued will result in mandatory costs, disbursements, and reasonable attorney fees if the person requesting the opinion prevails in a civil action under N.D.C.C. § 44–04–21.2. It may also result in personal liability for the person or persons responsible for the noncompliance.

[¶ 4] Olsrud claimed the Association failed to comply with the attorney general's opinion, and her attorney thereafter prepared a March 20, 2006, summons and complaint against the Association for relief under the open records law. Olsrud's attorney's husband filed affidavits of personal service, stating that on March 20, 2006, the summons and complaint were served on both Gary Wolberg, the Association's attorney, and on Al Wolf, the Association's president of the board of directors, "by personally delivering a copy of said Summons and Complaint to the receptionist" at Wolberg's office address and at Wolf's office address.

[¶ 5] By letter dated March 20, 2006, Wolberg informed Olsrud's attorney that he did not have authority to admit service of the summons and complaint on behalf of the Association and declined to sign and return an admission of service to Olsrud's attorney. Wolberg also advised Olsrud's attorney "to make service in the proper manner." According to Wolberg, Olsrud's attorney left him a voice mail on March 22, 2006, which stated the summons and complaint delivered to Wolberg's office were a "courtesy copy," and actual service of the pleadings had been made on Wolf, the Association's president of the board of directors. According to Wolf, he was in Arizona on March 20, 2006, he did not return to his office until March 31, 2006, no one in his office signed an admission of service of the summons and complaint on March 20, 2006, nor was anyone in his office authorized to do so, and Wolberg was not authorized to accept service of process on behalf of the Association.

[¶ 6] The Association thereafter moved to dismiss Olsrud's action, claiming insufficient service of process because Wolberg was not authorized to accept service on behalf of the Association and personal service had not been made on the Association's president, the Association's registered agent, or any officer, director, or other person authorized by rule to receive service. The district court granted the Association's motion and dismissed Olsrud's action with prejudice.

II

[¶ 7] Olsrud argues service of the summons and complaint was timely and proper. She asserts the general framework for service of civil actions is governed by N.D.R.Civ.P. 5(b), which she claims authorizes service upon the Association by "delivering" the summons and complaint to Wolberg's office. She asserts "delivering" includes leaving the document at the attorney's office with a clerk or other individual in charge under N.D.R.Civ.P. 5(b). Olsrud acknowledges N.D.R.Civ.P. 4(d)(2)(D) authorizes service on a corporation by delivering a copy of the summons "to an agent authorized by appointment or by law to receive service of process on its behalf, or to one who acted as an agent for the defendant with respect to the matter upon which the claim of the plaintiff is based and who was an agent of the defendant at the time of service." She claims Wolberg was an agent authorized "by appointment or by law" to receive service for the Association under N.D.R.Civ.P. 4(d)(2)(D), because Wolberg was the Association's attorney in the proceeding culminating in the attorney general's opinion. Olsrud argues even if Wolberg was not the proper person to be served, Wolf, the Association's president of the board of directors, was deliv-

ered a copy of the summons and complaint at his office by leaving a copy with a "clerk or other individual in charge" under N.D.R.Civ.P. 5(b).

[¶ 8] The Association responds N.D.R.Civ.P. 5 is not applicable to service of a summons and complaint because it applies to service of papers made after an action is properly served under N.D.R.Civ.P. 4. The Association argues Wolberg was not an agent for the Association with respect to the matter on which Olsrud's claim was based and N.D.R.Civ.P. 4(d)(2)(D) contemplates service upon corporate agents. The Association also argues Olsrud's attempted service did not comply with the procedure for commencing an action against a corporation under N.D.R.Civ.P. 4(d)(2)(D), because there was no personal service on Wolf, the Association's president of the board of directors, no one signed an admission of service on his behalf, and no one in Wolf's office had that authority. The Association asserts leaving a copy of the summons and complaint at Wolf's office was insufficient service of process.

[¶ 9] Under N.D.R.Civ.P. 3, an action is commenced by the service of a summons. Valid service of process under N.D.R.Civ.P. 4 is necessary for a court to acquire personal jurisdiction over a defendant. *Sanderson v. Walsh County*, 2006 ND 83, ¶ 13, 712 N.W.2d 842; *Beaudoin v. South Texas Blood & Tissue Ctr.*, 2004 ND 49, ¶ 11, 676 N.W.2d 103; *Gessner v. City of Minot*, 1998 ND 157, ¶ 5, 583 N.W.2d 90. Absent valid service of process, even actual knowledge of the existence of a lawsuit is insufficient to effectuate personal jurisdiction over a defendant. *Riemers v. State*, 2006 ND 162, ¶ 7, 718 N.W.2d 566; *Muhammed v. Welch*, 2004 ND 46, ¶ 11, 675 N.W.2d 402; *Helmers v. Sortino*, 545 N.W.2d 796, 799 (N.D.1996). Without a valid service of process, any judgment is void because the court lacks personal jurisdiction. *Riemers*, at ¶ 7; *Smith v. City of Grand Forks*, 478 N.W.2d 370, 371 (N.D. 1991). A party must strictly comply with the specific requirements for service of process. *Sanderson*, 2006 ND 83, ¶ 13, 712 N.W.2d 842; *Gessner*, 1998 ND 157, ¶ 5, 583 N.W.2d 90; *Messmer v. Olstad*, 529 N.W.2d 873, 876 (N.D.1995); *Farrington v. Swenson*, 210 N.W.2d 82, 85 (N.D. 1973).

[¶ 10] Rule 4, N.D.R.Civ.P., deals with jurisdiction over a person, process, and personal service, and as relevant to personal service on a corporation, provides:

(d) Personal Service.

. . . .

(2) How Service Made Within the State. Personal service of process within the state must be made as follows:

. . . .

(D) upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by (i) delivering a copy of the summons to an officer, director, superintendent or managing or general agent, or partner, or associate, or to an agent authorized by appointment or by law to receive service of process in its behalf, or to one who acted as an agent for the defendant with respect to the matter upon which the claim of the plaintiff is based and who was an agent of the defendant at the time of service; (ii) if the sheriff's return indicates no person upon whom service may be made can be found in the county, then service may be made by leaving a copy of the summons at any office of the domestic or foreign corporation, partnership or unincorporated association within this state with the person in charge of the office; or (iii) any form of mail or third-party commercial delivery addressed to any of the foregoing per-

sons and requiring a signed receipt and resulting in delivery to that person.

[¶ 11] Rule 5, N.D.R.Civ.P., deals with service and filing of pleadings and other papers and provides, in relevant part:

(a) Service–When Required. Except as otherwise provided in these rules, every order required by its terms to be served, and, unless otherwise ordered by the court, every pleading subsequent to the original complaint, every paper relating to discovery required to be served upon a party, every written motion other than one which may be heard ex parte, every proposed order, order for judgment, decree, finding of fact and conclusion of law, every paper filed with the clerk or submitted to the judge, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper must be served on each of the parties. No service need be made on parties in default for failure to appear except pleadings asserting new or additional claims for relief against them must be served upon them in the manner provided for service of summons in Rule 4.

. . . .

(b) Service–How Made. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service must be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party must be made by delivering a copy to the attorney or party, or by facsimile transmission if available to the attorney or party, or by mailing or delivering via third-party commercial carrier a copy to the attorney or party at the attorney's or party's last known address or, if no address is known, upon order of the court by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or, leaving it at the attorney's or party's office with a clerk or other individual in charge; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the party to be served has no office, leaving it at the party's dwelling or usual place of abode with some individual of suitable age and discretion then residing therein. Service by mail is complete upon mailing. Service via a third-party commercial carrier is complete upon deposit of the paper to be served with the commercial carrier.

[¶ 12] In interpreting court rules, we apply principles of statutory construction to ascertain intent. *Rekkedal v. Feist*, 2006 ND 147, ¶ 9, 718 N.W.2d 10; *Sanderson*, 2006 ND 83, ¶ 16, 712 N.W.2d 842; *State v. Lamb*, 541 N.W.2d 457, 459 (N.D.1996); *Bickel v. Jackson*, 530 N.W.2d 318, 320 (N.D.1995). We ascertain intent by looking first to the language of the rule, and the words in a rule are construed in accordance with their plain, ordinary, and commonly understood meaning. *Rekkedal*, at ¶ 9; *Sanderson*, at ¶ 16. If possible, we construe rules as a whole to give meaning to each word and phrase. *Sanderson*, at ¶ 16.

[¶ 13] Rule 5, N.D.R.Civ.P., applies to service of certain enumerated papers and pleadings subsequent to the original complaint. Rule 5(b), N.D.R.Civ.P., authorizes service of pleadings and other papers upon a party represented by an attorney by delivery to the attorney and provides "[d]elivery of a copy within this rule means: handing it to the attorney or to the party; or, leaving it at the attorney's or party's office with a clerk or other individual in charge." The language of N.D.R.Civ.P. 4(b) and (d) outlines how a court may exercise personal jurisdiction

over a person organized under the laws of this state and how personal service of all process may be made. Under our law, "process" means "a writ or summons issued in the course of judicial proceedings." N.D.C.C. § 1–01–49(6). *See State v. Wolff*, 512 N.W.2d 670, 674 (N.D.1994) (stating "Rule 5 applies to service of papers other than 'process,' and specifically applies to 'every order required by its terms to be served' " and "[i]n contrast, 'Rule 4 governs civil jurisdiction and service of process.' "); *Smith*, 478 N.W.2d 370, 371 (N.D.1991) (stating Rule 4 deals extensively with service of original process, which is the means of securing jurisdiction by the court over the defendant's person).

[¶ 14] The language of N.D.R.Civ.P. 4 and 5, when read together to give meaning to each rule, contemplates that Rule 4 applies to service of the original process to obtain personal jurisdiction and Rule 5 applies to service of subsequent pleadings and other papers. That interpretation gives meaning to the language of N.D.R.Civ.P. 5(a) that no service of pleadings or other papers need be made on parties in default, but pleadings asserting new or additional claims for relief against defaulting parties must be served upon the defaulting parties in the manner provided for service of the summons in N.D.R.Civ.P. 4.

[¶ 15] Any doubt as to the applicability of N.D.R.Civ.P. 4 and 5 is resolved by the Joint Procedure Committee's official explanatory notes to N.D.R.Civ.P. 4 and 5, which specifically state that N.D.R.Civ.P. 4 governs civil jurisdiction and service of process and N.D.R.Civ.P. 5 applies to service of papers other than process. *See Rekkedal*, 2006 ND 147, ¶ 9, 718 N.W.2d 10; *Wolff*, 512 N.W.2d at 674. The explanatory note to N.D.R.Civ.P. 5 explains:

> Rule 5 applies to service of papers other than "process." In contrast, Rule

4 governs civil jurisdiction and service of process. When a statute or rule requiring service does not pertain to service of process, nor require personal service under Rule 4, nor specify how service is to be made, service may be made as provided in Rule 5(b).

[¶ 16] Our interpretation and application of N.D.R.Civ.P. 4 and 5 is also consistent with the parallel provisions of the federal rules requiring the prior establishment of personal jurisdiction over a party under F.R.Civ.P. 4 before invoking the provisions of F.R.Civ.P. 5. *See* 1 James Wm. Moore, *Moore's Federal Practice* § 5.02 (3rd ed.2007); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1141 (2002).

[¶ 17] We conclude Olsrud's reliance on N.D.R.Civ.P. 5 for effectuating service of process and obtaining personal jurisdiction over the Association is misplaced, and we consider whether she has complied with the requirements for effectuating process and obtaining personal jurisdiction over the Association under N.D.R.Civ.P. 4(d)(2)(D).

[¶ 18] In *Brakke v. Rudnick*, 409 N.W.2d 326, 330 (N.D.1987), this Court said a plaintiff has the burden to establish that the authority to receive service of process exists between the defendant and the individual served. We also discussed an agent's authorization to receive service of process and said:

> "The cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process normally is expected. Accordingly, the mere fact that a person acts as defendant's agent for some purposes does not necessarily mean that he has authority to receive process.... Thus, a financial agent or manager of

defendant's business or even his attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of this type has taken place."

*Id.* at 330 (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1097 (1985)). In *Brakke,* at 331–32, affidavits of service of process said service was accomplished when a process server left a copy of the summons and complaint with a secretary or other named individuals at the defendants' offices. This Court said the plaintiffs had not established that the defendants had authorized the secretary or other named individuals to receive process for them and concluded the secretary and other named individuals were not authorized by appointment or by law to receive service of process on behalf of the defendants. *Id.*

■ [¶ 19] Olsrud has cited no law authorizing Wolberg, the Association's attorney, to receive process for the Association. Affidavits by Wolberg and by Wolf both state that Wolberg was not authorized by appointment or by law to accept service of process for the Association. Under *Brakke,* Olsrud has not demonstrated that Wolberg was an agent authorized "by appointment or by law" to accept service of process for the Association.

■ [¶ 20] Olsrud nevertheless claims Wolberg was an agent for the Association with respect to the matter upon which her claim is based and was an agent of the Association at the time of service. However, leaving the summons and complaint at the offices of Wolberg and Wolf does not comply with N.D.R.Civ.P. 4(d)(2)(D). The definition of delivery in N.D.R.Civ.P. 5(b) for pleadings subsequent to the original complaint and other papers is explicitly limited to that rule, and N.D.R.Civ.P.

4(d)(2)(D) requires delivery of a summons to certain enumerated individuals to effectuate service of process on a corporation. The affidavits of service on both Wolberg and Wolf say the summons and complaint were "personally delivered ... to the receptionist" at their offices. There is no evidence the receptionist was "an officer, director, superintendent or managing or general agent, or partner, or associate" of the Association, and this record does not reflect that Olsrud attempted to serve the Association's registered agent. Moreover, this record does not reflect any of the circumstances identified in *Beaudoin,* 2004 ND 49, ¶ 18, 676 N.W.2d 103, which could constitute valid service on the Association through delivery to a receptionist. On this record, we conclude service of process was not properly effectuated on Wolf, as president of the Association, and Olsrud's attempted service of process on Wolberg was insufficient under N.D.R.Civ.P. 4(d)(2)(D).

■ [¶ 21] Olsrud nevertheless argues the refusal to accept delivery by the Association's attorney and by Wolf constitutes delivery under N.D.R.Civ.P. 4(*l*) and *Production Credit Ass'n v. Obrigewitch,* 443 N.W.2d 923 (N.D.1989).

[¶ 22] Rule 4(*l*), N.D.R.Civ.P., provides:

(*l*) Effect of Mail or Delivery Refusal. If a summons and complaint or other process is mailed or sent with delivery restricted and requiring a receipt signed by the addressee, the addressee's refusal to accept the mail or delivery constitutes delivery. Return of the mail or delivery bearing an official indication on the cover that delivery was refused by the addressee is prima facie evidence of the refusal.

The plain language of N.D.R.Civ.P. 4(*l*) applies to the refusal to accept a delivery of process "mailed or sent with delivery

restricted and requiring a receipt signed by the addressee." Olsrud did not purport to effectuate service of process on the Association by "mail[ ] or sent with delivery restricted and requiring a receipt signed by the addressee," and N.D.R.Civ.P. 4(*l*) is not applicable to Olsrud's attempted service of process in this case.

[¶ 23] In *Obrigewitch*, 443 N.W.2d at 925, a deputy sheriff approached named defendants in a hallway in a courthouse to attempt personal service on the defendants, the defendants refused to take the summons and complaint, and the documents were laid on a bench within two feet of one defendant while the other defendant fled the area. We rejected the defendants' argument that they could avoid defending an action by merely refusing to accept service of process. *Id.*

[¶ 24] Here, the Association's attorney was not an "agent authorized by appointment or by law" to receive service of process for the Association, and Olsrud's purported service on receptionists for both Wolberg and Wolf was not proper to effectuate service on the Association. The rationale of *Obrigewitch* is not applicable to either of Olsrud's attempted services of process.

### III

[¶ 25] Olsrud argues the Association waived any defenses regarding sufficiency of service and is estopped from claiming improper service, because the Association's attorney failed to respond to a notice of the alleged violations provided by Olsrud under N.D.C.C. § 44-04-21.2(3), and the Association failed to file a responsive pleading. However, Olsrud has not cited any legal authority to support her waiver and estoppel arguments. We have often said a party waives an issue by not providing supporting argument, and without supportive reasoning or citations to relevant authorities, an argument is without merit. *E.g.*, *Riemers v. City of Grand*

*Forks*, 2006 ND 224, ¶¶ 9–10, 723 N.W.2d 518; *Riverside Park Condominiums Unit Owners Ass'n v. Lucas*, 2005 ND 26, ¶ 34, 691 N.W.2d 862. Olsrud's waiver and estoppel arguments are without merit.

### IV

[¶ 26] The Association asserts sanctions should be imposed upon Olsrud for including in the joint appendix documents that were not part of the record in the district court. During oral argument to this Court, Olsrud claimed the documents were part of her response to the Association's motion to dismiss. However, the documents are not part of the district court record provided to this Court, and we admonish Olsrud that only items in the record may be included in the appendix. *See Rekkedal*, 2006 ND 147, ¶ 11, 718 N.W.2d 10.

### V

[¶ 27] We conclude the district court did not err in dismissing Olsrud's complaint against the Association for insufficient service of process. Absent personal jurisdiction over a defendant, a district court is powerless to do anything beyond dismissing without prejudice. *See Witzke v. Gonzales*, 2006 ND 213, ¶ 8, 722 N.W.2d 374; *Riemers*, 2006 ND 162, ¶¶ 8–11, 718 N.W.2d 566; *Smith*, 478 N.W.2d 370, 371–73 (N.D.1991). We therefore affirm the dismissal, but we modify the judgment to dismiss without prejudice.

[¶ 28] DANIEL J. CROTHERS, DALE V. SANDSTROM, CAROL RONNING KAPSNER, and LAWRENCE A. LECLERC, S.J., concur.

[¶ 29] The Honorable LAWRENCE A. LECLERC, S.J., sitting in place of VANDE WALLE, C.J., disqualified.