# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 201

Jack Robinson,                                                                                      Appellant

v.

North Dakota Workforce Safety
and Insurance,                                                                                        Appellee

No. 20180383

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Erich M. Grant, Minot, ND, for appellant.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for appellee.

**McEvers, Justice.**

[¶1]    Jack Robinson appeals from a district court judgment affirming a Workforce Safety and Insurance ("WSI") order finding Robinson personally liable for any unpaid workers' compensation premiums, penalties, interest, and costs owed by Dalton Logistics, Inc. ("Dalton").  Robinson argues WSI failed to properly serve him with the administrative order resulting in a lack of personal jurisdiction and that his due process rights were violated.  We reverse the judgment and remand to the agency with directions.

I

[¶2]    In June 2015, WSI issued a notice of decision finding Robinson, as vice president of Dalton Logistics, Inc., personally liable for all unpaid workers' compensation premiums, penalties, interest, and costs owed by Dalton.

[¶3]    In August 2015, after no response from Robinson, WSI commenced a civil action in district court seeking a judgment against Robinson for unpaid workers' compensation premiums, penalties, and interest.  In November 2015, WSI moved for summary judgment. Robinson opposed WSI's motion for summary judgment on the basis that Robinson was not properly served the notice of decision.  In December 2016, the district court action was dismissed without prejudice  based on the parties' stipulation.

[¶4]    In March 2017, WSI issued an administrative order, again finding Robinson personally liable for amounts owed by Dalton.  The administrative order was served by certified mail on the attorney Robinson retained in the district court proceedings. In April 2017, Robinson's attorney requested the matter be dismissed, arguing Robinson had not been properly served "notice of the decision," by regular mail, citing N.D.C.C. § 65-04-32.  The request stated that although Robinson's attorney

1

represented Robinson in past actions, "he has not been authorized to accept service on his behalf to commence the present action," and that valid service of process was necessary for WSI to assert personal jurisdiction over Robinson. Robinson requested in the alternative that a hearing be scheduled for presenting evidence to correctly determine the past due premium amounts and whether Robinson was personally liable. The request for a hearing was granted.

[¶5] At the administrative hearing, Robinson's attorney moved to dismiss for lack of personal jurisdiction on Robinson's behalf, reiterating his objection to the lack of service as required under N.D.C.C. § 65-04-32(1), arguing failure to properly serve Robinson personally with the notice of decision resulted in a failure to effect personal jurisdiction over him and due process violations. Robinson's attorney further argued WSI was not authorized to serve the administrative order on Robinson's attorney, because he had not represented that he had authority to accept service on behalf of Robinson. WSI argued the administrative proceedings were not commenced following the issuance of a notice of decision governed by N.D.C.C. § 65-04-32(1); rather, the current proceedings were initiated by serving an administrative order, governed by N.D.C.C. § 65-04-32(3), which does not require first serving a notice of decision. WSI argued it served Robinson's attorney with the administrative order because Robinson's attorney was still on the account as the attorney of record. After the hearing, the ALJ issued findings, conclusions of law, and an order affirming WSI's March 2017 administrative order. The hearing officer concluded that the hearing proceeded under N.D.C.C. § 65-04-32(3), not N.D.C.C. § 65-04-32(1), denying Robinson's motion to dismiss as a matter of law. Robinson appealed the ALJ's order to the district court, and the district court affirmed.

II

[¶6] "In an appeal from a district court's review of an administrative agency's decision, we review the agency's decision." *Haynes v. Dir., Dep't of Transp.*, 2014 ND 161, ¶ 6, 851 N.W.2d 172. This Court must affirm the agency's decision unless:

2

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

If the order of the agency is not affirmed by the court, it must be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the order of the court.

N.D.C.C. § 28-32-46. We have also stated:

> We do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine only whether a reasoning mind reasonably could have concluded the agency's findings were supported by the weight of the evidence from the entire record. We defer to an agency's opportunity to judge witnesses' credibility. Once the facts are established, their significance presents a question of law, which we review de novo.

*Beylund v. Levi*, 2017 ND 30, ¶ 9, 889 N.W.2d 907 (internal citations omitted). "On appeal from the district court's decision, we review the administrative agency's decision in the same manner as the district court, giving due respect to the district court's analysis and review." *Bergum v. N.D. Workforce Safety & Ins.*, 2009 ND 52, ¶ 8, 764 N.W.2d 178.

3

[¶7]   On appeal, Robinson admits his attorney was served the administrative order by certified mail, but argues WSI was required to serve Robinson himself by certified mail.  The question on appeal is whether service of the administrative order on Robinson's attorney was adequate to acquire personal jurisdiction over Robinson in the administrative proceeding.

[¶8]   We have stated, "[t]he jurisdiction of an administrative agency is dependent upon the terms of the statute and must meet at least the basic mandatory provisions of the statute before jurisdiction is established."  *Schwind v. Dir., N.D. Dep't of Transp.*, 462 N.W.2d 147, 150 (N.D. 1990) (relying on 2 Am. Jur. 2d *Administrative Law* § 328 (1962)).  As a general rule, proceedings before an administrative agency are not restricted by the technical and formal rules practiced before a court, but the fundamental principals of judicial inquiry should be observed.  *State ex rel. Pub. Serv. Comm'n v. No. Pac. Ry. Co.*, 75 N.W.2d 129, 134 (N.D. 1956).  Like courts, administrative agencies must have both personal and subject matter jurisdiction before they can hear a case.  2 Am. Jur. 2d *Administrative Law* § 272 (2014).  Valid service of process is necessary to assert personal jurisdiction over a party.  *Gessner v. City of Minot*, 1998 ND 157, ¶ 5, 583 N.W.2d 90.  However, methods of serving agency process may be specified by statute or rule.  2 Am. Jur. 2d *Administrative Law* § 281 (2014).  Section 65-04-32(3), N.D.C.C., provides:

> Within sixty days after receiving a petition for reconsideration, unless settlement negotiations are ongoing, the organization shall serve on the parties by certified mail an administrative order including its findings of fact, conclusions of law, and order, in response to the petition for reconsideration.  The organization may serve an administrative order on any decision made by informal internal review without first issuing a notice of decision and receiving a request for reconsideration.[1]

[¶9]   Robinson argues that under N.D.C.C. § 65-04-32(3), he must be served as a party, rather than service by certified mail on his attorney, because the administrative

---

[1]Section 65-04-32(3), N.D.C.C., has since been amended and effective August 1, 2019, serving a party by certified mail is no longer required.

order is service of process which requires the application of either the statute or N.D.R.Civ.P. 4. Process, under N.D.R.Civ.P. 4(c), includes the requirement for service of a summons and complaint. "Under our law, 'process' means 'a writ or summons issued in the course of judicial proceedings.'" *Olsrud v. Bismarck-Mandan Orchestral Ass'n*, 2007 ND 91, ¶ 13, 733 N.W.2d 256 (citing general definition of process under N.D.C.C. § 1-01-49(6) (now located in subsection 12)). The term "process" as defined under N.D.C.C. § 1-01-49(12) is a term of art that by definition applies only to judicial proceedings. The rules of civil procedure govern the procedure in civil actions and proceedings in district court, subject to some exceptions. N.D.R.Civ.P. 1. In other words, service of process as described in N.D.R.Civ.P. 4 only applies to service of the summons and complaint in judicial proceedings.

[¶10] The administrative order is not a writ or summons in a judicial proceeding, and does not require service of "process" under N.D.R.Civ.P. 4. Rather, the equivalent of "service of process" required for WSI to initiate an agency proceeding by administrative order is to serve the parties of an administrative order by certified mail under N.D.C.C. § 65-04-32(3). WSI argues service of documents other than service of a summons and complaint are to be made under N.D.R.Civ.P. 5(a)(1). However, Rule 5, N.D.R.Civ.P., only provides for service of documents that are not process. *Principal Residential Mortg., Inc. v. Nash*, 2000 ND 21, ¶ 9, 606 N.W.2d 120. *See also* N.D.R.Civ.P. 5 (explanatory note).

[¶11] Serving parties with notice in accordance with the rules of civil procedure may also be designated by statute. *See* N.D.C.C. § 65-01-16(5) (providing procedures that must be followed in claims for benefits and allowing service of an administrative order following a request for reconsideration must be received in accordance with the rules of civil procedure); *see also* N.D.C.C. § 28-32-21 (providing procedures for adjudicative proceedings and setting forth circumstances when the rules of civil procedure apply). The administrative order served by WSI here was not an order under either of these provisions, and WSI has not pointed to a similar provision under

N.D.C.C. § 65-04-32, discussing the procedures that apply to employers who wish to dispute decisions on the amount of premiums due. Because the administrative order must be served to initiate the administrative proceedings here, and N.D.C.C. § 65-04-32(3) does not provide that the rules of civil procedure apply, rather it provides an administrative order be served on a party by certified mail.

[¶12] Under N.D.C.C. § 65-04-32(4):

> [a] party has thirty days from the date of service of an administrative order to file a written request for rehearing. The request must state specifically each alleged error of fact and law to be reheard and the relief sought. Absent a timely and sufficient request for rehearing, the administrative order is final and may not be reheard or appealed.

In his request for a hearing before the ALJ, Robinson included in his specification of errors:

> The governing statute, NDCC § 65-04-32, requires that the organization "serve notice of the decision on the parties by regular mail." Although [Robinson's attorney], the undersigned, has represented Mr. Jack Robinson in past actions, *he has not been authorized to accept service on his behalf to commence the present action*. Valid service of process is necessary in order for WSI to assert personal jurisdiction over a party. Mr. Robinson has not been served consistent with the governing statute, therefore the current matter must be dismissed.

(Emphasis added.) In its decision, the ALJ addressed Robinson's argument that he was not properly served by regular mail with the notice of decision under N.D.C.C. § 65-04-32(1), stating that provision did not apply because the hearing was a result of an administrative order under N.D.C.C. § 65-04-32(3). However, the ALJ did not resolve the factual issue of whether or not Robinson's attorney was representing him at the time the administrative order was issued or authorized to accept service of the administrative order on behalf of Robinson. Rather, the ALJ concluded "Robinson requested this administrative hearing to contest the disputed issues. Robinson's Motion to Dismiss is denied as a matter of law."

6

[¶13]   While cryptic for lack of analysis, it appears the ALJ concluded as a matter of law that Robinson's attorney was authorized to accept service on his behalf. However, the ALJ made no corresponding finding of fact to support its conclusion.

[¶14]   This Court has stated valid service of process is necessary to assert personal jurisdiction, and the specific requirements for service of process must be strictly complied with. *Gessner*, 1998 ND 157, ¶ 5, 583 N.W.2d 90. While *Gessner* involves a civil action, the theory is the same.  Analysis regarding personal jurisdiction is a question of law, and we use the de novo standard of review for legal conclusions and a clearly erroneous standard of review for factual findings.  *Spirit Prop. Mgmt. v. Vondell*, 2017 ND 158, ¶ 16, 897 N.W.2d 334.  WSI has the burden to establish that it served Robinson or that Robinson's attorney had authority to receive service of process on Robinson's behalf.  *See Olsrud*, 2007 ND 91, ¶¶ 18-19, 733 N.W.2d 256 (discussing burden on plaintiff to show authority of defendant's attorney to receive service of process).

[¶15]   The parties disputed the facts related to personal jurisdiction.  At the hearing, WSI argued Robinson's attorney was served because his name was on the account as the attorney of record.  Robinson's attorney argued that he had not represented to WSI that he was authorized to accept service on Robinson's behalf.  Emails in the record between Robinson's attorney and WSI's attorney discussing the attorney's representation of Robinson only refer to the case number of the proceeding in district court.

[¶16]   For us to affirm, the ALJ's findings of fact must support the conclusions of law.  N.D.C.C. § 28-32-46(6).  An agency is required to explicitly state its findings of fact and its conclusions of law. N.D.C.C. § 28-32-39(1).  "The ALJ must consider the entire record, clarify inconsistencies, and adequately explain its reasoning." *Workforce Safety & Ins. v. Auck*, 2010 ND 126, ¶ 14, 785 N.W.2d 186.  A finding of fact is necessary to dispose of a factual issue, and the need for a finding is particularly pressing where the disputed issue is dispositive of the case.  *Evans v. Backes*, 437 N.W.2d 848, 850 (N.D. 1989).

[¶17]  We hold the ALJ failed to make any findings of fact to support its conclusion that Robinson's motion to dismiss be denied as a matter of law.  We therefore reverse the judgment of the district court and remand to the agency for further proceedings consistent with this opinion.

IV

[¶18]  We do not reach the due process issue because we reversed the hearing officer's decision on the jurisdictional issue and remanded for further proceedings.  If the hearing officer determines Robinson was not properly served, the previous proceedings would be void, making any opinion we give on the due process issue advisory, and we do not issue advisory opinions.  *Gray v. Berg*, 2015 ND 203, ¶ 10, 868 N.W.2d 378.

V

[¶19]  We reverse the judgment and remand to the agency for further proceedings consistent with this opinion.

[¶20]  Lisa Fair McEvers
Jon J. Jensen
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.