# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2019 ND 273

John M. Hughes,                                                          Plaintiff and Appellant

v.

Olheiser Masonry, Inc., Curt Olheiser,
and Harley D. Rapp,                                            Defendants and Appellees

## No. 20190143

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Mark C. Sherer, Dickinson, ND, for plaintiff and appellant.

Grant T. Bakke (argued) and Randall J. Bakke (on brief), Bismarck, ND, for defendants and appellees.

**McEvers, Justice.**

[¶1] John Hughes appeals from a district court order dismissing his negligence action. On appeal, Hughes argues mailing of a summons and complaint to the sheriff's department should be treated as delivery for purposes of commencing his civil action. We affirm the district court's order.

I

[¶2] On May 24, 2012, Harley Rapp, who was employed by Olheiser Masonry, and John Hughes collided in a forklift and motor vehicle accident. Rapp was driving a forklift and Hughes was driving a pickup truck. Hughes filed a complaint with the district court on May 22, 2018, alleging injuries as a result of the negligence of Rapp, Curt Olheiser, and Olheiser Masonry. Hughes mailed his complaint and summons to the Stark County Sheriff's Department the same day, requesting the documents be served on the defendants.

[¶3] The Stark County sheriff's department did not receive the documents until May 31, 2018. Olheiser, Olheiser Masonry, and Rapp were served by the sheriff's department on June 1 and 2, 2018. On October 11, 2018, Olheiser, Olheiser Masonry, and Rapp filed a motion to dismiss arguing the action was not commenced until after the statute of limitations expired. The district court granted the motion to dismiss and concluded the action was not commenced until after the statute of limitations expired because the Stark County sheriff's department did not receive the summons until May 31, 2018. Hughes appeals.

II

[¶4] On appeal, Hughes argues the district court erred by granting the motion to dismiss. Specifically, Hughes argues mailing of a summons and complaint should be treated as delivery under N.D.C.C. § 28-01-38, which provides an exception to the statute of limitations.

[¶5] The district court concluded it did not have jurisdiction because service was outside the statute of limitations.

An action barred by a statute of limitations generally is dismissed under the summary judgment standards of N.D.R.Civ.P. 56. Summary judgment "is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." Whether summary judgment is properly granted is a question of law which we review de novo on the entire record.

*In re Estate of Nelson*, 2015 ND 122, ¶ 6, 863 N.W.2d 521 (internal citations omitted).

[¶6] Under N.D.C.C. § 28-01-16(5), a negligence action that resulted in personal injury must be commenced within six years. *See Calavera v. Vix*, 356 N.W.2d 901 (N.D. 1984). The accident occurred on May 24, 2012, and it is undisputed the claim expired May 24, 2018, absent some applicable exception or tolling of the statute of limitations. It is also undisputed the complaint was filed with the district court on May 22, 2018. Filing of a complaint in the district court does not commence an action in North Dakota. Under N.D.R.Civ.P. 3 "[a] civil action is commenced by the service of a summons." North Dakota's rule differs from Fed.R.Civ.P. 3, which requires filing of a complaint to commence an action. Filing alone is not sufficient to commence an action. *See B.D.H. v. Mickelson*, 2010 ND 235, ¶ 9, 792 N.W.2d 169.

[¶7] Hughes argues mailing the summons and complaint to the sheriff was an "attempt" under N.D.C.C. § 28-01-38 with "intent that it shall be actually served" and is sufficient to comply with the statute of limitations. "In accordance with N.D.C.C. § 28-01-38, this Court has held that the delivery of a summons to a sheriff, with the intent to promptly serve the defendant, commences an action." *Long v. Jaszczak*, 2004 ND 194, ¶ 11, 688 N.W.2d 173. Section 28-01-38, N.D.C.C., provides:

An action is commenced as to each defendant when the summons is served on that defendant, or on a codefendant who is a joint contractor or otherwise united in interest with that defendant. An attempt to commence an action is equivalent to the commencement

thereof within the meaning of this chapter when the summons, with the intent that it shall be actually served, is delivered:

1. To the sheriff or other officer of the county in which the defendants or one of them usually or last resided; or

2. To the sheriff or other officer, if a corporation is defendant, of the county in which was situated the principal place of business of such corporation, or in which its general business was transacted, or in which it kept an office for the transaction of business.

Such an attempt must be followed within sixty days by the first publication of the summons or the service thereof.

[¶8] This Court has not addressed whether mailing the summons to the sheriff's department is considered delivery under N.D.C.C. § 28-01-38. "Statutory interpretation is a question of law fully reviewable on appeal." *State v. Hirschkorn*, 2016 ND 117, ¶ 5, 881 N.W.2d 244. When interpreting a statute we apply various rules of statutory construction. *Id.* Words in a statute are to be understood in their ordinary sense. N.D.C.C. § 1-02-02. Words must be construed according to the context and rules of grammar, and technical words that have acquired a peculiar and appropriate meaning in the law or as are defined by statute must be construed according to such peculiar and appropriate meaning or definition. N.D.C.C. § 1-02-03. In construing a statute, "the law is what is said, not what is unsaid, and the mention of one thing implies exclusion of another." *Sanderson v. Walsh Cty.*, 2006 ND 83, ¶ 16, 712 N.W.2d 842.

[¶9] Hughes argues mailing of a summons to the sheriff's department should be treated as delivery, like a fax. *See Am. Family Ins. v. Waupaca Elevator Co.*, 2012 ND 13, 809 N.W.2d 337. This Court has determined a fax to the sheriff's department is sufficient for delivery under N.D.C.C. § 28-01-38. *See Waupaca*, at ¶ 32. However, this case is distinguishable. In *Waupaca*, the sheriff's department acknowledged it received the faxed documents before the statute of limitations expired. *Id.* at ¶ 22. Here, the documents were not in the sheriff department's possession until after the statute of limitations expired.

3

[¶10] The term "delivery" is not defined under ch. 28-01. However, N.D.C.C. § 28-01-38, deals with commencement of an action, or an attempt to commence an action. This Court has analyzed the term "delivery" under the rules of civil procedure when commencing an action. This Court has previously analyzed the difference between "delivery" and "mailing" under N.D.R.Civ.P. 4. In *Sanderson,* 2006 ND 83, ¶¶ 14-17, 712 N.W.2d 842, the plaintiff attempted to serve various county and state officials by mailing his summons and complaint by certified mail when N.D.R.Civ.P. 4(d)(2) required "delivering" a copy of the summons to the appropriate person. This Court stated there is a "clear textual distinction" between "delivery" and service by "mail" under N.D.R.Civ.P. 4. *Sanderson*, at ¶ 17. This Court in *Sanderson* held "'delivering' a copy of the summons as contemplated under N.D.R.Civ.P. 4(d)(2)(E) and 4(d)(2)(F) does not include mailing, even by certified mail with return receipt and restricted delivery." *Id*. at ¶ 18. Hughes contends this case is distinguishable, because in *Sanderson*, mail was used to serve the defendant directly and delivery did not occur until after the statute of limitations had passed. Here, the summons and complaint were mailed to the sheriff's department before the statute of limitations expired. His argument is not persuasive. Similar to *Sanderson*, Hughes' argument that the word "delivery" is the equivalent of mail, would render the legislature's use of the term meaningless.

[¶11] This Court similarly analyzed the difference between delivery and service in another case. In *Langowski v. Altendorf*, 2012 ND 34, ¶¶ 1-3, 812 N.W.2d 427, Langowski attempted to serve Altendorf a summons and complaint in a negligence action. The district court dismissed the case, concluding her action commenced after the expiration of the statute of limitations. *Id*. at ¶ 6. Both parties agreed the statute of limitations ended on August 23. *Id*. at ¶ 13. However, Langowski argued her mailing of the summons and complaint to Altendorf on August 23 constituted delivery. *Id*. Altendorf argued her receipt of the mailing on August 25 commenced the action. *Id*. Altendorf argued delivery of a summons and complaint to the sheriff, which tolls the statute of limitations, is not equivalent to placing the summons and complaint in the mail. *Id*. at ¶ 17. This Court concluded Altendorf had not been properly served within the statute of limitations and stated "service under N.D.R.Civ.P. 4(d)(2)(A)(v) is complete at the time of

4

actual delivery and not when a summons is placed in the mail." *Id.* at ¶ 21. Additionally, this Court concluded "the time of mailing of a summons and complaint under N.D.R.Civ.P. 4(d)(2)(A)(v) is distinguishable from its time of delivery, and service under N.D.R.Civ.P. 4(d)(2)(A)(v) is complete at the time of actual delivery or refusal of that delivery and not at the time of mailing." *Id.* at ¶ 21.

[¶12] "The purpose of a statute of limitation is to prevent 'plaintiffs from sleeping on their legal rights to the detriment of the defendants.'" *Erickson v. Scotsman, Inc.*, 456 N.W.2d 535, 537 (N.D. 1990) (quoting *Hanson v. Williams Cty.*, 389 N.W.2d 319, 321 (1986)). This Court has said "[s]pecific requirements for service of process must be strictly complied with." *Gessner v. City of Minot*, 1998 ND 157, ¶ 5, 583 N.W.2d 90. The timing of mailing a summons and complaint is distinguishable from the time of its delivery. Here, Hughes' mailing to the sheriff's department falls short of the statutory requirement for an attempt. While Hughes may have intended the sheriff's department promptly serve the summons, the summons was not "delivered" until it was in the sheriff's department's possession. The summons was in the department's possession on May 31, 2018, after the statute of limitations expired. Construed strictly, the mailing did not constitute delivery and the district court did not have jurisdiction because service was outside of the statute of limitations.

III

[¶13] Hughes additionally argues N.D.C.C. § 28-01-38 should be interpreted by construing N.D.R.Civ.P. 4 together with N.D.R.Civ.P. 5 which states, in relevant part, "A document that is not required to be filed, or that will be served on a person exempt from electronic service, is served under this rule by: . . . mailing it to the person's last known address, in which event service is complete upon mailing." *See* N.D.R.Civ.P. 5(b)(3)(C). Hughes' argument ignores that Rule 5 is intended for service of documents other than service of a summons and complaint under Rule 4. N.D.R.Civ.P. 5(a)(1). This Court has stated "Rule 5, N.D.R.Civ.P., only provides for service of documents that are not process." *Robinson v. N.D. Workforce Safety & Ins.*, 2019 ND 201, ¶ 10,

931 N.W.2d 692 (citing *Principal Residential Mortg., Inc. v. Nash*, 2000 ND 21, ¶ 9, 606 N.W.2d 120). By definition, "process" is a summons issued in the course of a judicial proceeding. N.D.C.C. § 1-01-49(12). Rule 4, N.D.R.Civ.P., is the only rule that governs service of process. *See* N.D.R.Civ.P. 4, explanatory note. To qualify as an attempt under N.D.C.C. § 28-01-38, the summons must be delivered to the sheriff or other officer within the statute of limitations.

## IV

[¶14] We affirm the district court's order.

[¶15] Lisa Fair McEvers
  Daniel J. Crothers
  Jerod E. Tufte
  Jon J. Jensen
  Gerald W. VandeWalle, C.J.

6