# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 221

Rickie Poseley,  Plaintiff and Appellant

v.

Homer Township,  Defendant and Appellee

### No. 20240154

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable James T. Shockman, Judge.

AFFIRMED.

Per Curiam.

William C. Black, Bismarck, ND, for plaintiff and appellant.

Jaxen J. L. Bratcher (argued), Daniel L. Gaustad (appeared) and Joseph E. Quinn (on brief), Grand Forks, ND, for defendant and appellee.

**Per Curiam.**

[¶1]   Rickie Poseley appeals from a district court order dismissing her appeal from a decision made by the Homer Township Board of Supervisors. The court decided it lacked jurisdiction because Poseley did not properly serve her notice of appeal on the township. Poseley asks this Court to overrule decisions holding personal delivery of service cannot be made by proxy or accomplished by mail. We summarily affirm under N.D.R.App.P. 35.1(a)(7).

[¶2]   Section 28-34-01, N.D.C.C., provides the procedure for appealing from a local governing body's decision. Under N.D.C.C. § 28-34-01(1), within 30 days of the decision, a notice of appeal must be served on the local governing body in the manner provided by N.D.R.Civ.P. 4. *Garaas v. Cass Cnty. Joint Water Res. Dist.*, 2016 ND 148, ¶ 24, 883 N.W.2d 436. Compliance with N.D.C.C. § 28-34-01 is mandatory to invoke the district court's appellate jurisdiction. *Brandt v. City of Fargo*, 2018 ND 26, ¶ 10, 905 N.W.2d 764. Service on a township under Rule 4 requires personal delivery to a member of its governing board. N.D.R.Civ.P. 4(d)(2)(E). Service on a proxy who is not authorized by law or appointment to accept the service is not effective. *Olsrud v. Bismarck-Mandan Orchestral Ass'n*, 2007 ND 91, ¶ 19, 733 N.W.2d 256 (service on association's attorney not effective); *Gessner v. City of Minot*, 1998 ND 157, ¶ 6, 583 N.W.2d 90 (service on city manager not effective). Service by mail does not constitute personal delivery under N.D.R.Civ.P. 4(d)(2)(E). *Sanderson v. Walsh Cnty.*, 2006 ND 83, ¶ 18, 712 N.W.2d 842 (holding delivery of service under N.D.R.Civ.P. 4(d)(2)(E) "does not include mailing, even by certified mail with return receipt and restricted delivery").

[¶3]   We decline to overrule our precedent. Absent service complying with N.D.C.C. § 28-34-01(1) and N.D.R.Civ.P. 4(d)(2)(E), the district court lacked both personal and subject matter jurisdiction. The order dismissing Poseley's appeal is summarily affirmed under N.D.R.App.P. 35.1(a)(7).

[¶4]   Jon J. Jensen, C.J.

Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr