# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 56

In the Interest of H.N.R., requested surname H.N.J.

| | |
|---|---|
| J.J., Adoptive Father, and K.J., Natural Mother, | Petitioners and Appellees |
| v. | |
| H.N.R., Adoptee, | Respondent and Appellee |
| and | |
| North Dakota Dept. of Human Servs., | Respondent |
| and | |
| M.R., Natural Father, | Respondent and Appellant |

### No. 20240311

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Dann E. Greenwood, Judge.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Jensen, Chief Justice.

Thomas M. Jackson, Bismarck, ND, for J.J., Adoptive Father, and K.J., Natural Mother, petitioners and appellees, and H.N.R., Adoptee, respondent and appellee; submitted on brief.

M.R., Bismarck, ND, respondent and appellant.

**Interest of H.N.R.**
**No. 20240311**

**Jensen, Chief Justice.**

[¶1]   M.R., the natural father of H.N.R., appeals from a district court's decree of adoption. M.R. asserts: (1) he was not properly served with a notice of the hearing and proof of service as required under N.D.C.C. § 14-15-11(7) and (8); (2) N.D.C.C. § 14-15-06(1)(g) is unconstitutional; (3) the court erred in granting the adoption due to clear evidence of undue influence; and (4) the court abused its discretion in limiting M.R.'s written response to the petition. We reverse with instructions that M.R. be served with a copy of the petition and a notice of the time and place of the hearing consistent with N.D.R.Civ.P. 4, or otherwise directed by the court, and for the district court to conduct a new hearing after proof of adequate service of the notice has been filed with the court.

I

[¶2]   In June 2024, H.N.R. filed a petition for her adoption by her adoptive father. H.N.R. was 18 years old at the time of the filing. M.R. was served with the petition and related documents. H.N.R.'s natural mother and adoptive father consented to the adoption. The North Dakota Department of Human Services did not object to the petition.

[¶3]   A hearing was scheduled for September 10, 2024. The notice was mailed to M.R. by a clerk of the district court. M.R. asserts he did not receive the notice. M.R. did not appear for the hearing on the petition. The petition was granted, and a decree of adoption was ordered shortly after the hearing.

[¶4]   M.R. filed several motions seeking to vacate the adoption order after the hearing. All of M.R.'s motions were denied by the district court. In November 2024, M.R. filed a timely notice of appeal.

[¶5]   M.R. asserts he was not properly served with a notice of the hearing as required under N.D.C.C. § 14-15-11(7) and (8). Section 14-15-11(7), N.D.C.C., reads as follows:

> After the filing of a petition to adopt an adult, the court by order shall direct that a copy of the petition and a notice of the time and place of the hearing be given to any individual whose consent to the adoption is required but who has not consented and to each living parent of the adult to be adopted. . . .

Additionally, N.D.C.C. § 14-15-11(8) provides as follows:

> Notice must be given in the manner appropriate under the North Dakota Rules of Civil Procedure for the service of process in a civil action in this state or in any manner the court by order directs. Proof of the giving of the notice must be filed with the court before the petition is heard.

[¶6]   Subsections 7 and 8 of N.D.C.C. § 14-15-11 are unambiguous. Pursuant to N.D.C.C. § 14-15-11(7), a copy of the petition and the notice of the time and place for the hearing must be provided to "each living parent of the adult to be adopted." Pursuant to N.D.C.C. § 14-15-11(8), service must be accomplished in the same manner as required for service of process under the North Dakota Rules of Civil Procedure or in any manner the court directs.

[¶7]   We have previously noted that N.D.R.Civ.P. 4 governs the service of process:

> The language of N.D.R.Civ.P. 4(b) and (d) outlines how a court may exercise personal jurisdiction over a person organized under the laws of this state and how personal service of all process may be made. Under our law, "process" means "a writ or summons issued in the course of judicial proceedings." N.D.C.C. § 1-01-49(6). *See State v. Wolff*, 512 N.W.2d 670, 674 (N.D. 1994) (stating "Rule 5 applies to service of papers other than 'process,' and specifically applies to 'every order required by its terms to be served'" and "[i]n contrast, 'Rule 4 governs civil jurisdiction and service of process.'");

*Smith [v. City of Grand Forks]*, 478 N.W.2d 370, 371 (N.D. 1991) (stating Rule 4 deals extensively with service of original process, which is the means of securing jurisdiction by the court over the defendant's person).

The language of N.D.R.Civ.P. 4 and 5, when read together to give meaning to each rule, contemplates that Rule 4 applies to service of the original process to obtain personal jurisdiction and Rule 5 applies to service of subsequent pleadings and other papers. That interpretation gives meaning to the language of N.D.R.Civ.P. 5(a) that no service of pleadings or other papers need be made on parties in default, but pleadings asserting new or additional claims for relief against defaulting parties must be served upon the defaulting parties in the manner provided for service of the summons in N.D.R.Civ.P. 4.

Any doubt as to the applicability of N.D.R.Civ.P. 4 and 5 is resolved by the Joint Procedure Committee's official explanatory notes to N.D.R.Civ.P. 4 and 5, which specifically state that N.D.R.Civ.P. 4 governs civil jurisdiction and service of process and N.D.R.Civ.P. 5 applies to service of papers other than process. *See Rekkedal [v. Feist]*, 2006 ND 147, ¶ 9, 718 N.W.2d 10; *Wolff*, 512 N.W.2d at 674. The explanatory note to N.D.R.Civ.P. 5 explains:

> Rule 5 applies to service of papers other than "process." In contrast, Rule 4 governs civil jurisdiction and service of process. When a statute or rule requiring service does not pertain to service of process, nor require personal service under Rule 4, nor specify how service is to be made, service may be made as provided in Rule 5(b).

*Olsrud v. Bismarck-Mandan Orchestral Ass'n*, 2007 ND 91, ¶¶ 13-15, 733 N.W.2d 256. We conclude the notice to be provided under N.D.C.C. § 14-15-11(7), unless otherwise ordered by the district court, is required by N.D.C.C. § 14-15-11(8) to comply with N.D.R.Civ.P. 4 service.

[¶8] In determining that the notice was not required to comply with N.D.R.Civ.P. 4, the district court noted that N.D.C.C. § 14-15-11(7) only requires service of the notice of the hearing on "any individual whose consent to the adoption is required but who has not consented and to each living parent of the

3

adult to be adopted. . . ." The court found that because N.D.C.C. § 14-15-11(6)(g) does not require consent from the parent in the adoption of an adult, notice under N.D.C.C. § 14-15-11(7) was not required. We disagree. The express language of subsection 7 requires notice to each living parent of the adult to be adopted.

### III

[¶9]   We conclude M.R. was required to be served with a copy of the petition and a notice of the time and place of the hearing consistent with N.D.R.Civ.P. 4, or otherwise directed by the district court, and instruct the court to conduct a new hearing after proof of the giving of the notice has been filed with the court. Resolution of the remaining issues raised by M.R. are unnecessary for our determination. We reverse and remand for proceedings consistent with this opinion.

[¶10]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

4