# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 159

Dustin Laufer,                                             Plaintiff and Appellant

   v.

Warren G. Doe,                                          Defendant and Appellee

## No. 20200001

Appeal from the District Court of Adams County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Erin L. Melling (argued), and Aaron W. Roseland (on brief), Hettinger, ND, for plaintiff and appellant.

Paul R. Aamodt, Minneapolis, MN, for defendant and appellee.

**Crothers, Justice.**

[¶1]   Dustin Laufer appeals from a judgment dismissing his complaint alleging property damage caused by Warren Doe's agricultural chemical application. Laufer argues the district court misapplied the law by dismissing his claim for failing to comply with statutory notice requirements. We affirm, concluding Laufer was required to strictly comply with the notice requirements and the district court did not err by dismissing Laufer's complaint.

I

[¶2]   In November 2018, Laufer sued Doe, alleging Laufer's crops were damaged when Doe sprayed a neighboring field with herbicide and the herbicide drifted onto Laufer's land. In October 2019, Doe moved to dismiss the action for failure to comply with N.D.C.C. § 4.1-33-18. Doe argued Laufer was required to notify him under N.D.C.C. § 4.1-33-18(1) by certified mail of the alleged damages to his crops, and Laufer did not comply with the statutory notice requirements.

[¶3]   Laufer opposed the motion, arguing N.D.C.C. § 4.1-33-18 does not apply because he did not bring the action under N.D.C.C. ch. 4.1-33, the Agricultural Commissioner is responsible for enforcement of N.D.C.C. ch. 4.1-33, and the Agricultural Commissioner must file suit for the chapter to apply. He alternatively argued the statutory notice requirement was satisfied by a phone call to Doe after damage to the crops and when Doe admitted during a deposition that he received notice of the damages to Laufer's crops. He filed a transcript of Doe's deposition in support of his argument.

[¶4]   The district court granted Doe's motion to dismiss. The court explained the meaning of N.D.C.C. § 4.1-33-18(1) is clear and unambiguous, a person bringing a civil action seeking reimbursement for property damage caused by the application of a pesticide must provide written notice via certified mail to the person who allegedly caused the damage. The court concluded that even if Laufer provided actual notice of the damage by phone to Doe, such notice did

not satisfy the statutory requirements and was therefore insufficient. The court ruled Laufer did not provide the required notice and the action must be dismissed. Judgment was entered.

## II

[¶5] Doe argues the appeal was not timely and should be dismissed. Under N.D.R.App.P. 4(a), a party appealing an order or judgment in a civil case is required to file a notice of appeal "within 60 days from service of notice of entry of the judgment or order being appealed." The judgment was filed on November 4, 2019, and notice of entry of judgment was served on November 15, 2019. The notice of appeal was filed in the Supreme Court clerk's office on January 7, 2020. The appeal was timely.

[¶6] Doe also argues Laufer failed to comply with several rules of appellate procedure, including that the notice of appeal did not designate the specific order being appealed, that the preliminary statement of issues was not concise, that the brief did not include citations to the record, and that the brief included typographical errors. He requests sanctions as the Court deems appropriate.

[¶7] Under N.D.R.App.P. 13, we may take appropriate action against a person who fails to perform an act required by the Rules of Appellate Procedure. "Whether to administer sanctions under N.D.R.App.P. 13 for noncompliance with the Rules of Appellate Procedure is discretionary with this Court." *Krump-Wootton v. Krump*, 2019 ND 275, ¶ 7, 935 N.W.2d 534 (quoting *Silbernagel v. Silbernagel*, 2007 ND 124, ¶ 21, 736 N.W.2d 441). While Laufer's failure to follow all requirements of our rules increased the work for the Court and others, we deny Doe's request for sanctions under the facts and circumstances of this case.

## III

[¶8] Laufer argues the district court erred in dismissing his claims against Doe. He contends the court misapplied the law and did not adequately explain the basis for its decision.

[¶9]  Generally, a district court's decision granting a motion to dismiss is reviewed de novo. *See Hondl v. State*, 2020 ND 20, ¶ 5, 937 N.W.2d 564; *Hughes v. Olheiser Masonry, Inc.*, 2019 ND 273, ¶ 5, 935 N.W.2d 530.

A

[¶10] Laufer argues the statutory notice requirement in N.D.C.C. § 4.1-33-18(1) does not apply because the Pesticide Control Board and Agricultural Commissioner enforce N.D.C.C. ch. 4.1-33. Laufer claims only the commissioner can maintain an action under N.D.C.C. ch. 4.1-33, and therefore N.D.C.C. § 4.1-33-18 does not apply to a lawsuit for breach of duty of care and negligence brought by an individual.

[¶11] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *Wilkens v. Westby*, 2019 ND 186, ¶ 6, 931 N.W.2d 229. In interpreting statutes, this Court has said:

> "Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute. A statute is ambiguous if it is susceptible to meanings that are different, but rational. We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted."

*PHI Fin. Servs., Inc. v. Johnston Law Office, P.C.*, 2020 ND 22, ¶ 10, 937 N.W.2d 885 (quoting *State v. G.C.H.*, 2019 ND 256, ¶ 13, 934 N.W.2d 857). "Statutes relating to the same subject matter shall be construed together and should be harmonized, if possible, to give meaningful effect to each, without rendering one or the other useless." *PHI Fin. Servs.*, at ¶ 10 (quoting *G.C.H.*, at ¶ 13).

3

[¶12] Under N.D.C.C. § 4.1-33-21, the Agricultural Commissioner enforces the requirements of Chapter 4.1-33 and any rules adopted under the chapter, brings actions to enjoin violations of the chapter, and issues orders requiring people to cease and desist from unlawful activity violating the chapter. This is not an action to enforce any rules under N.D.C.C. ch. 4.1-33 or for a violation of N.D.C.C. ch. 4.1-33.

[¶13] Section 4.1-33-18, N.D.C.C. provides:

> "1. a. Before a person may file a civil action seeking reimbursement for property damage allegedly stemming from the application of a pesticide, the person shall notify by certified mail the pesticide applicator of the alleged damage within the earlier of:
>> (1) Twenty-eight days from the date the person first knew or should have known of the alleged damage; or
>> (2) Before twenty percent of the crop or field allegedly damaged is harvested or destroyed.
> b. Subdivision a does not apply if the person seeking reimbursement for property damage was the applicator of the pesticide.
> 2. Upon notifying the applicator as required under subsection 1, the person seeking reimbursement for the alleged property damage shall permit the applicator and up to four representatives of the applicator to enter the person's property for the purpose of observing and examining the alleged damage. If the person fails to allow entry, the person is barred from asserting a claim against the applicator."

The plain language of the statute states a person must provide notice to the pesticide applicator by certified mail before the person may file a civil action seeking reimbursement for property damage allegedly stemming from the application of pesticide. The notice requirement applies to any civil action seeking reimbursement for damages caused by application of pesticide. The statute unambiguously is not limited to actions under N.D.C.C. ch. 4.1-33.

[¶14] This Court applied a prior version of the pesticide notice of claim statute to a negligence counterclaim, and to an action for negligence, breach of contract, and breach of express and implied warranties. *See Dickinson Air Serv., Inc. v. Kadrmas*, 397 N.W.2d 55, 58 (N.D. 1986); *Wills v. Schroeder*

*Aviation, Inc.,* 390 N.W.2d 544, 545-47 (N.D. 1986). The current version of the statute did not change that the requirements of N.D.C.C. § 4.1-33-18 apply to all civil actions seeking reimbursement for property damage as a result of a pesticide application. Therefore, the district court did not misapply the law by concluding the notice requirement under N.D.C.C. § 4.1-33-18 applies in this case.

B

[¶15] Laufer argues the district court erred by determining he did not satisfy the statutory notice requirement. He contends the evidence clearly shows he satisfied the notice requirement by directly communicating with Doe.

[¶16] Section 4.1-33-18(1), N.D.C.C., states a person "shall" notify by certified mail the pesticide applicator of the alleged damage. The word "shall" generally creates a mandatory duty. *In re K.V.*, 2019 ND 255, ¶ 16, 934 N.W.2d 879; *Sweeney v. Sweeney*, 2002 ND 206, ¶ 17, 654 N.W.2d 407. "If the duty prescribed in the statute is essential to its main objectives, the word 'shall' is to be construed as creating a mandatory duty." *Sweeney*, at ¶ 17.

[¶17] In interpreting a prior version of the statutory notice requirement, this Court held the requirement is known as a notice-of-claim provision, and it acts as an abbreviated statute of limitations. *See Dickinson Air Serv.*, 397 N.W.2d at 57. The purpose of the notice requirement was to provide the defendant "with the means of ascertaining evidence before time makes his proof difficult or impossible to obtain." *Id.* We further said the short notice requirement was necessary due to the nature of the subject matter involved in the statute. *Id.* Requiring notice by certified mail serves the main objective of the statute, which ensures the defendant is notified in a timely manner so he can inspect the damage allegedly caused by spraying before the evidence becomes impossible to obtain.

[¶18] Use of the word "shall" in N.D.C.C. § 4.1-33-18(1) creates a mandatory duty. The plain language of N.D.C.C. § 4.1-33-18(1) expressly prohibits a person from filing a civil action for property damage stemming from the application of pesticide without notifying the applicator by certified mail

5

within 28 days from when the person first knew or should have known of the damage. The failure to provide notice as required by the statute bars a lawsuit for damages.

[¶19] In interpreting statutes with similar notice requirements, this Court held strict compliance is required and a defendant's actual notice of the potential claim is not sufficient. For example, N.D.C.C. § 32-12.2-04(1) states a person bringing a claim against the state or a state employee "shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered . . . a written notice . . . ." This statute consistently has been interpreted as requiring written notice, and that the state's actual notice of a potential claim did not matter. *See State v. New Holland*, 2015 ND 223, ¶¶ 14, 26, 869 N.W.2d 136; *Voigt v. State*, 2008 ND 236, ¶¶ 4-5, 759 N.W.2d 530; *Ghorbanni v. N.D. Council on the Arts*, 2002 ND 22, ¶ 8, 639 N.W.2d 507; *Allied Mut. Ins. Co. v. Dir. of N.D. Dep't of Transp.*, 1999 ND 2, ¶¶ 10, 15-16, 589 N.W.2d 201.

[¶20] Even if Laufer's telephone call provided Doe actual information about damages stemming from the chemical application, the call was not sufficient to comply with the notice requirements under N.D.C.C. § 4.1-33-18(1). Laufer failed to show he complied with statutory notice requirements. Therefore, the district court did not err in dismissing Laufer's claims.

IV

[¶21] Laufer argues the district court erred by ordering him to pay Doe's litigation costs. He claims the court did not give any reason for awarding the costs and did not determine his pleadings were frivolous.

[¶22] Doe requested the district court dismiss the action with prejudice and enter judgment in his favor for his taxable costs and disbursements. The district court's order for judgment stated that Doe "be awarded his reasonable costs and disbursements as provided by statute." Doe filed an affidavit of costs for $647.07, and the court entered judgment for that amount.

[¶23] Under N.D.C.C. § 28-26-06, the court shall award certain costs in favor of a prevailing party. "Determining who is a prevailing party for an award of disbursements under N.D.C.C. § 28-26-06 is a question of law, subject to de novo review, while the question of the amount to be allowed for disbursements and costs is one of fact, subject to an abuse of discretion standard." *Carpenter v. Rohrer*, 2006 ND 111, ¶ 34, 714 N.W.2d 804. A prevailing party for purposes of N.D.C.C. § 28-26-06 is based on success on the merits and not the amount of damages awarded. *Carpenter*, at ¶ 34. An award of costs under N.D.C.C. § 28-26-02 is discretionary. *Riemers v. Anderson*, 2004 ND 109, ¶ 14, 680 N.W.2d 280. The party seeking relief has the burden to establish the court abused its discretion. *Id.*

[¶24] Doe requested $647.07 in costs and disbursements, including $10.00 under N.D.C.C. § 28-26-02, $50.00 for a court filing fee under N.D.C.C. § 28-26-06, and $587.06 under N.D.C.C. § 28-26-06 for the expenses of procuring evidence. The district court awarded the requested costs and disbursements as permitted by law. The district court did not abuse its discretion by awarding costs and disbursements.

V

[¶25] We affirm the judgment.

[¶26] Daniel J. Crothers
     Lisa Fair McEvers
     Gerald W. VandeWalle
     Jerod E. Tufte
     Jon J. Jensen, C.J.