# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 233

| | |
|---|---|
| Vickie M. Gooss, nka Vickie M. Lenard, | Plaintiff |
| v. | |
| Jeffrey A. Gooss, | Defendant and Appellant |
| and | |
| State of North Dakota, | Statutory Real Party in Interest and Appellee |

## No. 20200076

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Jennifer M. Gooss, Beulah, N.D., for defendant and appellant.

Sheila K. Keller, Special Assistant Attorney General, Bismarck, N.D., for statutory real party in interest and appellee.

**VandeWalle, Justice.**

[¶1]   Jeffrey Gooss appealed from a second amended judgment after a district court modified his child support obligation. We affirm.

I

[¶2]   Jeffrey Gooss and Vickie Gooss, now Vickie Lenard, divorced in Nevada in 2004. This action concerns child support for the parties' child, J.T.G., who is now eighteen. In 2004, the Nevada court granted Lenard primary residential responsibility for J.T.G. The court awarded Gooss parenting time and required him to pay child support at $350.00 per month, which included $50.00 in child support arrears. In the event Lenard relocated from Nevada to Colorado, Gooss's child support obligation would be waived, and he would only bear travel expenses for himself and J.T.G. However, Lenard never relocated to Colorado, but she did relocate on multiple occasions to several other states with J.T.G.

[¶3]   In 2009, the Nevada court granted Lenard permission to relocate to Montana with J.T.G. The court required Lenard to pay all travel expenses, and Gooss was required to pay $350 in child support. In 2013, the Nevada court modified the child custody order in line with a stipulation entered into by Lenard and Gooss. As part of this modification, Gooss was ordered to "pay child support of $350.00 for the month of March, 2013; payment of travel expenses [would] constitute child support thereafter."

[¶4]   Gooss later moved to North Dakota, and Lenard moved to South Dakota with J.T.G. In July 2018, South Dakota's child support program requested the North Dakota Child Support Division assist in reviewing and modifying Gooss's child support obligation. On September 9, 2019, the State of North Dakota filed a motion for modification of child support. The State requested a modification of the medical support provision and that Gooss pay a modified child support amount of $709 per month.

[¶5]   Gooss filed a countermotion to dismiss and a response to the State's motion. Gooss challenged the district court's jurisdiction to modify the child support originally ordered by the Nevada court. Gooss argued travel expenses were part of the parenting plan and North Dakota lacked jurisdiction to modify the child custody arrangement issued by another state under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Gooss also challenged the calculation of child support, argued imposing child support was inequitable, and claimed a deviation for travel expenses was necessary. The district court held a hearing on the motions where it heard testimony and considered evidence.

[¶6]   On January 16, 2020, the district court issued its order modifying child support. In its order, the district court found it had jurisdiction to order the child support modification under the Uniform Interstate Family Support Act ("UIFSA"). The court modified the child support obligation and required the State to update the calculations based on information received during the hearing. Gooss testified at the hearing to the amount of expenses he incurred for gas, oil changes, alignments, tires, and tire rotations to exercise his parenting time. The court noted Gooss was allowed to exercise seven parenting time visits per year. However, the court found Gooss exercised only four of these visits. The court granted Gooss a downward deviation of $3,000 based on Gooss paying for travel expenses for the four visits. The district court issued its findings of fact, conclusions of law, order for second amended judgment and its second amended judgment after the State filed its post-hearing recommendations and updated child support calculations. Gooss was ordered to pay child support in the amount of $582.

II

[¶7]   Gooss argues the district court did not have jurisdiction to modify the child support obligation under the UIFSA. A question regarding subject matter jurisdiction with no factual dispute is reviewed de novo by this Court. *Harshberger v. Harshberger*, 2006 ND 245, ¶ 16, 724 N.W.2d 148. Reviewing the jurisdiction of the district court requires interpreting the uniform laws that

govern child support, the UIFSA, and child custody, the UCCJEA. This Court has held,

> Statutory interpretation is a question of law, which is fully reviewable on appeal. *Nelson v. Johnson*, 2010 ND 23, ¶ 12, 778 N.W.2d 773. The primary purpose of statutory interpretation is to determine the intention of the legislation. *In re Estate of Elken*, 2007 ND 107, ¶ 7, 735 N.W.2d 842. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute. N.D.C.C. § 1-02-39.

*Ferguson v. Wallace-Ferguson*, 2018 ND 122, ¶ 7, 911 N.W.2d 324 (quoting *Zajac v. Traill Cty. Water Res. Dist.*, 2016 ND 134, ¶ 6, 881 N.W.2d 666). "Statutes are to be construed as a whole and harmonized to give meaning to related provisions." *Id.* at ¶ 8 (citing N.D.C.C. § 1-02-07). This Court has held uniform laws are interpreted in a uniform manner, and the Court may seek guidance from decisions in other states which have interpreted similar provisions of uniform laws. *Id.*

[¶8] The National Conference of Commissioners on Uniform Laws first approved the UIFSA in 1992, and revised it in 1996, 2001, and 2008. *Ferguson*, 2018 ND 122, ¶ 6. North Dakota first enacted the UIFSA in 1995, and incorporated the 2008 amendments effective in 2015, which are codified at N.D.C.C. ch. 14-12.2. *Id.* at ¶¶ 6-7. "UIFSA governs, among other things, the procedures for establishing, enforcing, and modifying child support orders when more than one state is involved." *Id.*

[¶9] "Support order" is defined under the UIFSA as:

> a judgment, decree, order, decision, or directive, whether temporary, final, or subject to modification, issued in a state or foreign country for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care,

arrearages, retroactive support, or reimbursement for financial assistance provided to an individual obligee in place of child support. The support order may include related costs and fees, interest, income withholding, automatic adjustment, attorney's fees, and other relief.

N.D.C.C. § 14-12.2-01(28) [UIFSA § 102(28) (2008)]. "Child support order" is defined as "a support order for a child, including a child who has attained the age of majority under the law of the issuing state or foreign country." N.D.C.C. § 14-12.2-01(2) [UIFSA § 102(2) (2008)]. UIFSA grants North Dakota courts the ability to modify child support orders issued in another state. N.D.C.C. § 14-12.2-45 [UIFSA § 611 (2008)]. The statute states:

> [U]pon petition a tribunal of this state may modify a child support order issued in another state which is registered in this state if, after notice and hearing, the tribunal finds that:
>
> > a. The following requirements are met:
> >
> > > (1) Neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state;
> > >
> > > (2) A petitioner who is a nonresident of this state seeks modification; and
> > >
> > > (3) The respondent is subject to the personal jurisdiction of the tribunal of this state . . . .

*Id.*

[¶10] The UCCJEA is another uniform law. Its purpose is to "avoid jurisdictional competition and conflicts with courts of other States in matters of child custody which have in the past resulted in the shifting of children from State to State with harmful effects on their well-being." *Schirado v. Foote*, 2010 ND 136, ¶ 10, 785 N.W.2d 235 (citing Uniform Child Custody Jurisdiction and Enforcement Act § 101 cmt. 1, 9 U.L.A. 657 (1999)). North Dakota adopted its version of the UCCJEA in 1999. *Id.* The law is codified at N.D.C.C. ch. 14-14.1. *Id.*

4

[¶11] Section 14-14.1-01, N.D.C.C. [UCCJEA § 102(3) (1997)], defines child custody determination as,

> a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order. *The term does not include an order relating to child support or other monetary obligation of an individual.*

(Emphasis added); *see also In re M.S.C.*, No. 05–14–01581-CV, 2016 WL 929218, at *7-8 (Tex. App. Mar. 11, 2016) (finding allocation of travel expenses constituted part of a child support order and the UCCJEA did not apply as the court's jurisdiction under the UIFSA was proper). The UCCJEA prohibits North Dakota from modifying a child custody determination made by a court in another state, unless North Dakota has temporary emergency jurisdiction or jurisdiction to make an initial determination. N.D.C.C. § 14-14.1-14 [UCCJEA § 203 (1997)].

[¶12] The facts regarding jurisdiction in this case are not in dispute. First, Gooss, Lenard, and J.T.G. no longer live in Nevada. Gooss lives in North Dakota, and Lenard lives in South Dakota with J.T.G. Second, Lenard, a nonresident of North Dakota, sought modification of the child support order. Third, Gooss is also subject to the personal jurisdiction of North Dakota under N.D.R.Civ.P. 4(b)(1) because he lives here. The requirements for the district court to modify child support under the UIFSA were met.

[¶13] The Nevada court intended to make the travel expenses part of the child support order as it stated that "payment of travel expenses will constitute child support thereafter." The required payment of travel expenses relates to the "child support or other monetary obligation" of Gooss. As a result, the payment of travel expenses constitutes part of a child support order under a plain reading of the UIFSA. Additionally, a plain reading of the UCCJEA precludes this obligation from the custody arrangement because the UCCJEA specifically does not include orders "relating to child support or other monetary obligation of an individual." N.D.C.C. § 14-14.1-01(2) [UCCJEA § 102(2)]. Therefore, the

travel expenses constituted child support and the district court's jurisdiction under the UIFSA was both met and proper.

## III

[¶14] Gooss argues it was inequitable for the district court to require him to pay child support including travel expenses. "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Grossman v. Lerud*, 2014 ND 235, ¶ 6, 857 N.W.2d 92 (quoting *State ex rel. K.B. v. Bauer*, 2009 ND 45, ¶ 8, 763 N.W.2d 462). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Richter v. Houser*, 1999 ND 147, ¶ 3, 598 N.W.2d 193.

[¶15] Under section 14-09-09.7(1), N.D.C.C., the department of human services is required to "establish child support guidelines to assist courts in determining the amount a parent should be expected to contribute toward the support of the child . . . ." "If the district court fails to comply with the child support guidelines in determining an obligor's child support obligation, the court errs as a matter of law." *Grossman*, 2014 ND 235, ¶ 6 (quoting *Serr v. Serr*, 2008 ND 56, ¶ 18, 746 N.W.2d 416). "The interpretation and proper application of a provision of the child support guidelines is a question of law, fully reviewable on appeal." *State ex rel. K.B.*, 2009 ND 45, ¶ 8. "The failure to properly apply the child support guidelines to the facts involves an error of law." *Id.* (quoting *Korynta v. Korynta*, 2006 ND 17, ¶ 18, 708 N.W.2d 895). A district court "must clearly set forth how it arrived at the amount of income and the level of support." *Lohstreter v. Lohstreter*, 2001 ND 45, ¶ 21, 623 N.W.2d 350. The child support guidelines explicitly allow a downward deviation for travel expenses. N.D. Admin. Code § 75-02-04.1-09(2)(j).

[¶16] Here, Gooss argues requiring him to bear all the costs of travel is inequitable. The court heard testimony and received information regarding Gooss's income and expenses. The court used and applied this information to

6

the child support guidelines. Using the guidelines, including the provided deviation for travel expenses, the court determined the amount of child support Gooss was required to pay. By applying the deviation in accordance with the guidelines, the court did not reach an inequitable result when it determined that travel expenses made up a portion of the child support due.

IV

[¶17] Gooss also contends the court erred when it calculated the deviation for travel expenses. "There is a rebuttable presumption that the amount of child support that would result from the application of the child support guidelines is the correct amount of child support." N.D.C.C. § 14-09-09.7(4). Deviations are allowed from the presumably correct amount in some circumstances. N.D. Admin. Code § 75-02-04.1-09. For a deviation to occur, the person requesting one must prove by a preponderance of the evidence that a deviation is in the best interest of the child. *See* N.D. Admin. Code § 75-02-04.1-09(2); *Tibor v. Tibor*, 2001 ND 43, ¶ 17, 623 N.W.2d 12. Granting a deviation is within the discretion of the district court. *Pember v. Shapiro*, 2011 ND 31, ¶ 37, 794 N.W.2d 435. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when its decision is not the product of [a] rational mental process." *Lohstreter*, 2001 ND 45, ¶ 16.

[¶18] The relevant provision regarding a deviation for travel expenses states,

> 2.  The presumption that the amount of child support . . . is the correct amount of child support is rebutted only if a preponderance of the evidence establishes that a deviation from the guidelines is in the best interest of the supported children and:
>
>     . . . .
>
>     j.  The reduced ability of an obligor who is responsible for all parenting-time expenses to provide support due to travel expenses incurred predominantly for the purpose of visiting a child who is the subject of the order taking into consideration the amount of court-ordered parenting time and, when such history is

7

available, actual expenses and practices of the parties[.]

N.D. Admin. Code § 75-02-04.1-09(2)(j).

[¶19] Gooss argues the district court erred when it determined the number of parenting time visits for the travel expense deviation. Gooss claims the court should have used the seven visitations allowed by the custody order instead of the four the court found Gooss actually exercised. However, under a plain reading of the guidelines, the court can take into consideration the "actual expenses and practices of the parties." After hearing testimony and weighing the evidence, the court found Gooss actually exercised only four visitations instead of the seven he was allowed under the parenting plan. The court used this finding to grant a downward deviation for travel expenses in the amount of $3,000. The court did not abuse its discretion by applying the actual number of visitations to the deviation for travel expenses pursuant to the guidelines.

V

[¶20] We affirm the second amended judgment.

[¶21] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte