# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 252

City of Fargo,                                                      Plaintiff and Appellee

v.

Simon Hofer,                                                      Defendant and Appellant

## No. 20200041

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Thomas R. Olson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justices Crothers and McEvers joined. Justice VandeWalle filed an opinion concurring specially.

William B. Wischer, Assistant City Attorney, Fargo, N.D., for plaintiff and appellee.

Christopher J. Thompson, West Fargo, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1] Simon Hofer appeals from a criminal judgment entered after he conditionally pled guilty to driving under the influence. He argues the district court was required to suppress the results of the urine test because the implied consent advisory was not substantively complete and the search warrant did not cure the defect in the advisory. We conclude the test was administered under the implied consent statute and the execution of a search warrant did not cure the defect in the implied consent advisory. We reverse and remand.

I

[¶2] On April 20, 2019, Hofer's vehicle was stopped in Fargo. Officers found what they suspected was methamphetamine and paraphernalia, and Hofer admitted to having used methamphetamine earlier in the day. After field sobriety testing was completed, Hofer was arrested for driving under the influence in violation of Fargo Municipal Code § 08-0310. The officer read an implied consent advisory to Hofer before requesting Hofer submit to a chemical breath test. Hofer submitted to a breath test, and the results showed his blood alcohol concentration was 0.00%. The officer applied for and obtained a search warrant to obtain a urine sample from Hofer for a chemical test. The officer served Hofer with the warrant and then read an implied consent advisory for a urine test. The test was administered, and the sample tested positive for drugs.

[¶3] After requesting the matter be heard in district court, Hofer moved to suppress the results of the urine test, arguing the implied consent advisory did not comply with statutory requirements because N.D.C.C. § 39-20-01(3)(a) required the officer to inform Hofer of the penalties for refusing a test "directed by the law enforcement officer" and the advisory he was given omitted that phrase. He claimed the results of the chemical urine test were inadmissible under N.D.C.C. § 39-20-01(3)(b) and must be suppressed. The City opposed the

1

motion, arguing a valid search warrant was obtained, which made the implied consent advisory unnecessary.

[¶4] After a hearing, the district court denied the motion to suppress. The court ruled the search warrant issued before the test cured any defect in the implied consent reading.

II

[¶5] Hofer argues the district court erred in denying his motion to suppress because the implied consent advisory was incomplete and therefore the urine test results were inadmissible under N.D.C.C. § 39-20-01(3)(b). He contends the implied consent advisory omitted the phrase "directed by the law enforcement officer," and under *City of Bismarck v. Vagts*, 2019 ND 224, 932 N.W.2d 523, the omitted phrase is a substantive omission and the advisory did not comply with statutory requirements. While admitting the urine test results would be inadmissible if no search warrant had been obtained and served, the City contends the implied consent advisory is not relevant because a search warrant was obtained.

[¶6] In reviewing a district court's decision on a motion to suppress, "[w]e defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance." *Vagts*, 2019 ND 224, ¶ 4 (quoting *State v. Bohe*, 2018 ND 216, ¶ 9, 917 N.W.2d 497). We will affirm the court's decision if there is sufficient competent evidence fairly capable of supporting the court's findings and the decision is not contrary to the manifest weight of the evidence. *Vagts*, at ¶ 4. Questions of law are fully reviewable, and whether a finding meets a legal standard is a question of law. *Id.*

[¶7] At the time of Hofer's arrest in April 2019, the statutory implied consent provisions outlined in N.D.C.C. § 39-20-01 provided:

> 1. Any individual who operates a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state is deemed to have given consent, and shall consent, subject to the provisions of this chapter, to a chemical test, or tests, of the blood, breath, or urine

2

for the purpose of determining the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine. . . .

2. The test or tests must be administered at the direction of a law enforcement officer only after placing the individual under arrest and informing that individual that the individual is or will be charged with the offense of driving or being in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor, drugs, or a combination thereof. . . .

3. a. The law enforcement officer shall inform the individual charged that North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and that refusal of the individual to submit to a test directed by the law enforcement officer may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years. In addition, the law enforcement officer shall inform the individual refusal to take a breath or urine test is a crime punishable in the same manner as driving under the influence. If the officer requests the individual to submit to a blood test, the officer may not inform the individual of any criminal penalties until the officer has first secured a search warrant.

   b. A test administered under this section is not admissible in any criminal or administrative proceeding to determine a violation of section 39-08-01 or this chapter if the law enforcement officer fails to inform the individual charged as required under subdivision a.

N.D.C.C. § 39-20-01 (2017).

[¶8]   Our primary purpose in interpreting a statute is to determine the legislative intent by starting with the plain language of the statute and giving each word of the statute its ordinary meaning. *Laufer v. Doe*, 2020 ND 159, ¶ 11, 946 N.W.2d 707. "We 'construe[] statutes to avoid absurd or illogical results.'" *DeForest v. N.D. Dep't of Transp.*, 2018 ND 224, ¶ 9, 918 N.W.2d 43 (quoting *State v. Stegall*, 2013 ND 49, ¶ 16, 828 N.W.2d 526). We interpret statutes as a whole and give meaning and effect to every word, phrase, and sentence. *State v. Marcum*, 2020 ND 50, ¶ 21, 939 N.W.2d 840.

[¶9]   The Fourth Amendment of the United States Constitution and N.D. Const. art. I, § 8, prohibit unreasonable searches and seizures. *Vagts*, 2019 ND 224, ¶ 6. The administration of a urine test is a search. *State v. Helm*, 2017 ND 207, ¶ 6, 901 N.W.2d 57. The Fourth Amendment requires an officer to obtain a judicial warrant before conducting a search, unless one of the exceptions to the warrant requirement applies. *Id.* If a search is unreasonable under the Fourth Amendment, any evidence obtained as a result of the search must be suppressed in criminal proceedings under the exclusionary rule. *See State v. Otto*, 2013 ND 239, ¶ 10, 840 N.W.2d 589. Generally, a urine test to determine alcohol-concentration or the presence of other drugs is a reasonable search under the Fourth Amendment if the officer obtains a valid search warrant before administration of the test. *Cf. Birchfield v. North Dakota*, 136 S. Ct. 2160, 2173 (2016) (stating taking a blood sample is a search and a warrant must usually be secured for a search to be "reasonable," but a number of exceptions to the warrant requirement may apply). Because the officer obtained a warrant for the urine test, the search satisfies the constitutional requirements and the test is not subject to suppression as an unreasonable search.

[¶10] Statutes may impose restrictions on collection and admissibility of evidence beyond the minimum standards set by the Fourth Amendment and the exclusionary rule. *See State v. Brown*, 2018 ND 31, ¶ 9, 906 N.W.2d 120 (interpreting statute to provide greater due process protections than the standards set by the federal constitution). Section 39-20-01(3)(b), N.D.C.C., governs the admissibility of test results for tests administered under N.D.C.C. § 39-20-01. At the time of Hofer's arrest, N.D.C.C. § 39-20-01(3)(b) stated the test results from a chemical test administered under § 39-20-01 are not admissible in any criminal or administrative proceeding if the law enforcement officer fails to inform the individual as required under N.D.C.C. § 39-20-01(3)(a). Although N.D.C.C. § 39-20-01(3) references a search warrant in specifying the procedure for requesting a blood test, the statutory exclusionary rule is conditioned only on whether the officer has provided the implied consent advisory. No exception is made for instances in which a warrant is obtained. Under the plain language of the statute, the test results are not admissible if

the test was administered under the implied consent statute and the implied consent advisory given to the individual charged did not comply with the statutory advisory requirement.

[¶11] Although the officer had a search warrant for the urine test, it is clear under the facts of this case that the officer was not simply executing a search warrant but was attempting to administer a chemical test under N.D.C.C. § 39-20-01. The undisputed evidence established the officer read the implied consent advisory for a chemical breath test after he arrested Hofer for DUI, Hofer agreed to take the test, the breath test was administered, and the test showed a result of 0.00%. A warrant was obtained and served for a urine test, the officer read a partial implied consent advisory for a urine test, Hofer consented to take the test, and the urine test was administered. Other than the omission of a phrase in the advisory, the statutory process was followed for administering a test under N.D.C.C. § 39-20-01. We conclude this was a test administered under N.D.C.C. § 39-20-01 and the statutory implied consent requirements apply.

[¶12] When a test is administered under N.D.C.C. § 39-20-01, the law enforcement officer must inform the individual charged as required under N.D.C.C. § 39-20-01(3)(a), and if the officer fails to properly inform the individual charged, the test results are "not admissible in any criminal . . . proceeding to determine a violation of section 39-08-01." N.D.C.C. § 39-20-01(3)(b). The parties agree the implied consent advisory given to Hofer prior to the urine test omitted the phrase "directed by the law enforcement officer." In *Vagts*, 2019 ND 224, ¶ 17, this Court held "the officer's omission of the phrase 'directed by the law enforcement officer' was a substantive omission and did not comply with the statutory requirements for the implied consent advisory." The City conceded the implied consent advisory in this case was substantively incomplete under *Vagts*.

[¶13] Because the officer obtained a search warrant, the search is reasonable under the Fourth Amendment. But satisfying the Fourth Amendment is not sufficient to make any resulting evidence admissible. Evidence obtained by executing a search warrant remains subject to objection under the Rules of

5

Evidence or statutory evidentiary requirements. Here, the omission in the officer's reading of the implied consent advisory implicates the statutory exclusionary provision in N.D.C.C. § 39-20-01(3)(b). Because the urine test was a test administered under N.D.C.C. § 39-20-01, the officer was required to inform Hofer as required under N.D.C.C. § 39-20-01(3)(a) for the test results to be admissible in a criminal proceeding. The implied consent advisory given did not convey all substantive information required by statute and as a result the test result is not admissible in a criminal proceeding. We conclude the district court erred in denying Hofer's motion to suppress.

## III

[¶14] We reverse the judgment and remand.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

**VandeWalle, Justice, concurring specially.**

[¶16] The Fourth Amendment of the United States Constitution and the North Dakota Constitution protect against unreasonable searches and seizures. U.S Const. amend. IV; N.D. Const. art. I, § 8. Unless an exception to the warrant requirement applies, an officer must obtain a search warrant before conducting a search. *State v. Helm*, 2017 ND 207, ¶ 6, 901 N.W.2d 57. We have said, "There is a strong preference for officers to obtain search warrants." *State v. Dodson*, 2003 ND 187, ¶ 27, 671 N.W.2d 825.

[¶17] Implied consent is an exception to the warrant requirement. *See Helm*, 2017 ND 207, ¶¶ 6-7. This exception to the warrant requirement has now been limited to breath tests. *Id.* at ¶¶ 9, 16 (recognizing blood and urine tests require a valid search warrant). We construe the implied consent statute strictly in favor of the defendant and against the government. *See State v. Higgins*, 2004 ND 115, ¶ 13, 680 N.W.2d 645. However, we have never said an officer must

use the implied consent statute when they also obtain a valid search warrant. Nor do we believe the legislature intended to replace a search warrant where a search warrant may be obtained without undue delay.

[¶18] In this case, the officer possessed a valid search warrant. When an officer solely relies on a search warrant to conduct the test, strictly adhering with the implied consent statute is not necessary. However, here, instead of relying on the search warrant alone, the officer administered the urine test under the implied consent statute. Because the officer relied on the statute, I agree with the majority that the failure to strictly adhere to the statutory requirements makes the test result inadmissible. Therefore, I must concur with the result. Nevertheless, our strong preference for officers to secure search warrants is still alive and well.

[¶19] Gerald W. VandeWalle