# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 29

Grand Prairie Agriculture, LLP,                     Petitioner and Appellant

v.

Pelican Township Board of Supervisors,          Respondent and Appellee

## No. 20200226

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Tyler J. Leverington, West Fargo, North Dakota, for petitioner and appellant.

Scott W. Carlson, St. Paul, Minnesota, for respondent and appellee.

# Grand Prairie Agriculture v. Pelican Township Board of Supervisors
## No. 20200226

**Tufte, Justice.**

[¶1] Grand Prairie Agriculture, LLP, appeals from a district court order affirming the decision of the Pelican Township Board of Supervisors denying Grand Prairie's petition for approval of the site of a proposed animal feeding operation ("AFO"). We conclude the Township misinterpreted and misapplied the law in applying setback requirements. We reverse the district court's order and remand to the Township.

## I

[¶2] Grand Prairie petitioned the Township to determine whether the proposed AFO would comply with township zoning regulations. The petition stated the AFO would be a swine operation with a maximum scope of 999.6 animal units.

[¶3] After considering the petition at a meeting, the Township denied Grand Prairie's petition. The Township explained it "determined that the facility did not comply with the Pelican Township zoning regulations nor the North Dakota Century Code Section 23-25-11." The minutes from the meeting state the petition was denied "on the grounds that the Kenner Campground 71st Avenue is located within the setbacks for a hog facility of this size (3/4 mile by the township ordinances and 1/2 mile by the North Dakota Century Code Section 23-25-11). The distance from the campground to the proposed hog facility is 1340 feet."

[¶4] Grand Prairie appealed the Township's decision to the district court, arguing the denial due to the setback from the campground is precluded by state law and the Township misinterpreted or misapplied the law. The district court affirmed the Township's decision.

## II

[¶5] Grand Prairie argues the Township erred by denying its petition for approval of the proposed AFO site. It argues the Township misinterpreted and misapplied the law by using the campground to measure the setbacks.

[¶6] In an appeal from the decision of a local governing body, the governing body's decision will be affirmed unless it acted arbitrarily, capriciously, or unreasonably, or there is not substantial evidence supporting the decision. *See Dahm v. Stark Cty. Bd. of Cty. Comm'rs*, 2013 ND 241, ¶ 8, 841 N.W.2d 416. Under N.D.C.C. § 58-03-15, any decision of the board of township supervisors may be reversed if it is unreasonable under the circumstances or contrary to the intent of N.D.C.C. §§ 58-03-11 through 58-03-15. We "independently determine the propriety of the [governing body's] decision without giving special deference to the district court decision." *Gowan v. Ward Cty. Comm'n*, 2009 ND 72, ¶ 5, 764 N.W.2d 425 (quoting *Hentz v. Elma Twp. Bd. of Supervisors*, 2007 ND 19, ¶ 4, 727 N.W.2d 276). The interpretation of an ordinance or a statute is a question of law, which is fully reviewable on appeal. *Hagerott v. Morton Cty. Bd. of Comm'rs*, 2010 ND 32, ¶ 13, 778 N.W.2d 813. The governing body's failure to correctly interpret or apply the law is arbitrary, capricious, and unreasonable conduct. *Gowan*, at ¶ 5.

[¶7] Our primary purpose in interpreting a statute is to determine the legislative intent, and we start with the plain language of the statute and give each word of the statute its ordinary meaning. *City of Fargo v. Hofer*, 2020 ND 252, ¶ 8, 952 N.W.2d 58. We give words their plain, ordinary, and commonly understood meaning, unless they are specifically defined or a contrary intention plainly appears. N.D.C.C. § 1-02-02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. *Gooss v. Gooss*, 2020 ND 233, ¶ 7, 951 N.W.2d 247. "We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted." *Laufer v. Doe*, 2020 ND 159, ¶ 11, 946 N.W.2d 707 (quoting *PHI Fin. Servs., Inc. v. Johnston Law Office, P.C.*, 2020 ND 22, ¶ 10, 937 N.W.2d 885).

2

[¶8]   Section 58-03-11, N.D.C.C., authorizes townships to establish zoning districts within the township, providing:

> [T]he board of township supervisors may establish one or more zoning districts and within such districts may, subject to the provisions of . . . section 58-03-11.1, regulate and restrict the . . . use of buildings and structures, . . . and the location and use of . . . land for trade, industry, residence, or other purposes. All such regulations and restrictions must be uniform throughout each district, but the regulations and restrictions in one district may differ from those in other districts.

[¶9]   Under N.D.C.C. § 58-03-11.1, a township may also enact ordinances regulating AFOs. "A board of township supervisors may adopt regulations that establish different standards for the location of animal feeding operations based on the size of the operation and the species and type being fed." N.D.C.C. § 58-03-11.1(6). "Location" is defined as "the setback distance between a structure, fence, or other boundary enclosing an animal feeding operation . . . and the nearest occupied residence, the nearest buildings used for nonfarm or nonranch purposes, or the nearest land zoned for residential, recreational, or commercial purposes." N.D.C.C. § 58-03-11.1(1)(d). The township's regulations "may not preclude the development of an animal feeding operation in the township." N.D.C.C. § 58-03-11.1(4).

[¶10] Pelican Township's zoning ordinance states, "To effectively carry out the provisions of these regulations, the land covered by the jurisdiction of these regulations (i.e., Pelican Township) shall be zoned agricultural." Pelican Township Zoning Ordinance C.1.1. The entire township, including the land the campground was located on, was zoned agricultural under the Township's zoning ordinances. Township ordinances allowed for recreational uses of property in a district zoned for agriculture, stating, "Hunting, fishing, and other recreational activities are permitted without restriction, provided that all laws of traffic, safety, access, game management, and regulations of this ordinance are followed." Pelican Township Ordinance E.1.2.6.

[¶11] Pelican Township also enacted ordinances regulating AFOs, including regulating the location of an AFO based on the size of the operation through

3

the use of setback provisions. The ordinance states the owner of an AFO with at least 300 but no more than 1,000 animal units shall locate the site of the operation 3/4 of a mile from "existing residences, businesses, churches, schools, and public parks as well as areas of property that are zoned residential, recreational, or commercial." Pelican Township Zoning Ordinance F.1.3.1.

[¶12] The Township denied Grand Prairie's petition, concluding the proposed AFO did not comply with township zoning regulations or statutory setback provisions under state law. The Township stated township ordinances required 3/4 mile setbacks for the proposed AFO, state statutory law required 1/2 mile setbacks, and the proposed AFO was located 1340 feet from the Kenner Campground. The Township determined Kenner Campground was located within the setback distance required under either the township ordinances or the statutory setback provisions and therefore the petition should be denied.

[¶13] Grand Prairie argues N.D.C.C. § 58-03-11.1 allows townships to impose setbacks measured from the "nearest occupied residence, the nearest buildings used for nonfarm or nonranch purposes, or the nearest land zoned for residential, recreational, or commercial purposes" and the campground did not meet any of these requirements. Grand Prairie contends the campground was not on land zoned for recreational purposes and therefore the Township erred in using it to measure setback requirements.

[¶14] Section 58-03-11.1(1)(d) and (6), N.D.C.C., allows a township to adopt regulations for the location of an AFO, and specifically defines location as the setback distance between the AFO and the nearest occupied residence or buildings used for nonfarming or nonranching purposes or the nearest land zoned for residential, commercial, or recreational purposes. The plain language of N.D.C.C. § 58-03-11.1 authorizes townships to regulate the setback distance between AFOs and certain types of buildings or the nearest land zoned for residential, commercial, or recreational purposes.

[¶15] In this case, the Township used the campground to measure the setback distance for the proposed AFO. The campground did not include an occupied residence or a building used for nonfarm or nonranch purposes. It also was not

4

located on land zoned for residential, recreational, or commercial purposes. All of the land in the township was zoned for agriculture. Township ordinances specify the purpose of an agricultural zoning district, stating, "The Agricultural District is established as a district in which the predominant use of the land is for general agricultural uses" and the general purpose of the ordinance was "[t]o encourage the continued use of land for agricultural uses . . . [and] [t]o discourage scattered commercial, industrial, or other non-agricultural uses of the land which would interfere with an integrated and efficient development of the land." Pelican Township Ordinance E.1.1. The campground was located on land in an agricultural zoning district.

[¶16] Although Township ordinances permitted recreational uses of land zoned for agriculture, the land was not zoned for recreational purposes. Section 58-03-11.1, N.D.C.C., requires the setback to be measured from the nearest land "zoned for recreational purposes." An allowed recreational use of the land is different from being zoned for recreational purposes. The word "purpose" generally means "[a]n objective, goal, or end." *Black's Law Dictionary* 1493 (11th ed. 2019). Township ordinances specifically state the purpose of the agricultural zoning district is to encourage the continued use of the land for agriculture and discourage commercial uses which would interfere with the development of the land. Recreational use is allowed in an agricultural zoning district, but the purpose of the zoning district is to use the land for agriculture. The land was zoned for agricultural purposes and not recreational purposes.

[¶17] The campground was not located on land zoned for recreational purposes. None of the conditions under N.D.C.C. § 58-03-11.1 were met which would allow the Township to regulate the location of the proposed AFO by measuring the setbacks from the campground. We conclude the Township misinterpreted and misapplied the law by denying Grand Prairie's petition for approval of the proposed AFO site.

III

[¶18] We have considered the parties' remaining issues and arguments and conclude they are either unnecessary to our decision or are without merit. Having concluded the Township misinterpreted and misapplied the law, we

5

reverse the district court's order and the Township's decision to deny Grand Prairie's petition. We remand to the Township to reconsider Grand Prairie's petition for a proposed AFO site consistent with this opinion.

[¶19] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte