# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 172

Discover Bank,                                                    Petitioner

 v.

Bruce Romanick, District Judge, South

Central Judicial District, and Brandon

D. Lapp,                                                        Respondents

## No. 20230227

Petition for Supervisory Writ.

PETITION FOR SUPERVISORY WRIT GRANTED.

Opinion of the Court by McEvers, Justice.

Clifton G. Rodenburg, Fargo, ND, for petitioner; submitted on brief.

Daniel J. Nagle, Mandan, ND, for amicus curiae North Dakota Collectors Association.

**McEvers, Justice.**

[¶1]   Discover Bank ("Discover") petitions for a supervisory writ directing the district court to vacate its order requiring Discover to serve upon the defendant the notice of filing the complaint and motion for default judgment. We exercise our supervisory jurisdiction, grant the petition, and direct the court to vacate its order.

I

[¶2]   On April 25, 2023, Discover served a summons and complaint on the defendant alleging past due debt on a credit card. The defendant did not answer or otherwise appear. On May 25, 2023, Discover filed the summons and complaint, sheriff's return of service, "affidavit of no answer," and other documents supporting its motion for default judgment. In response, the district court filed a "Notice," requiring Discover to serve a "Notice of Filing" of the complaint on the defendant and allow him 14 days from the date of the filing of the "Notice of Filing" to respond to the motion for default judgment. Discover now petitions for a supervisory writ directing the court to vacate its order.

II

[¶3]   Discover argues we should exercise our supervisory jurisdiction because it has no adequate alternative remedy.

> This Court's authority to issue supervisory writs under N.D. Const. art. VI, § 2 and N.D.C.C. § 27-02-04 is a discretionary authority exercised on a case-by-case basis and cannot be invoked as a matter of right. We exercise this discretionary authority rarely and cautiously to rectify errors and prevent injustice in extraordinary cases in which no adequate alternative remedy exists. We generally will decline to exercise our supervisory jurisdiction if the proper remedy is an appeal.

*Pierce v. Anderson*, 2018 ND 131, ¶ 6, 912 N.W.2d 291. We have exercised our supervisory jurisdiction when the case is extraordinary, the district court

erred, and there is no adequate alternative remedy because the order is not appealable. *State v. Haskell*, 2001 ND 14, ¶ 4, 621 N.W.2d 358. In *Marmon v. Hodny*, 287 N.W.2d 470, 479 (N.D. 1980), the Court granted a supervisory writ and directed the district court to vacate its order compelling answers to interrogatories. The Court noted the interrogatories asked for attorney work product and the order compelling those answers was not an appealable order. *Id.* at 474, 478.

[¶4]   We have rarely exercised our supervisory jurisdiction when an issue may be otherwise appealable. In *Pierce*, the district court denied a motion to dismiss in a medical malpractice action where the plaintiff failed to provide an expert opinion affidavit. 2018 ND 131, ¶ 5. We exercised our supervisory jurisdiction even though the issue could have been raised in a later appeal, because the court's denial of the motion to dismiss contradicted North Dakota law including the statute requiring an expert affidavit. *Id.* at ¶ 7. We noted the purpose of the statute was to prevent an actual trial in "cases where a medical malpractice plaintiff cannot substantiate a basis for the claim." *Id.*

[¶5]   Discover argues this case involves an order contrary to the rules of civil procedure "for which there is no immediate appeal and no ultimate adequate alternative remedy." We agree. Below we discuss the merits and conclude the district court erred by requiring Discover to serve the defendant with the notice of filing the complaint and the motion for default judgment, contrary to civil procedure rules. Additionally, the court's order is not appealable and pertains to an issue that may evade review if the case progresses and service is effectuated on the defendant. As Discover outlines, if the defendant does not respond, default judgment will be issued without further review. If he does respond and Discover obtains judgment, it cannot appeal. Thus, the only avenue for review would be if the defendant responds and Discover is denied judgment. Then, Discover may be able to raise the issue on appeal, but only after additional judicial and legal resources are expended by the court and the parties. This case is similar to *Pierce* where although the issue could theoretically be resolved in a subsequent appeal, the governing rule appears to be designed to prevent the case from proceeding for a significant purpose. In *Pierce*, it was a statute preventing trial in unsubstantiated medical

2

malpractice cases. Here, it is civil procedure rules allowing diligent plaintiffs to obtain default judgment without expending additional legal resources where the defendant does not submit to the court's jurisdiction.[1] Therefore, we exercise our supervisory jurisdiction.

## III

[¶6] Discover argues the district court erred by requiring it to serve upon the defendant the notice of filing the complaint and motion for default judgment. Discover contends such service is contrary to the rules of civil procedure. "Rules of court are interpreted by applying principles of statutory construction." *Rekkedal v. Feist*, 2006 ND 147, ¶ 9, 718 N.W.2d 10. "[W]ords are to be interpreted and understood in their ordinary sense." *Id.* (citing N.D.C.C. § 1-02-02). We "give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the [rule] mere surplusage." *State v. Houkom*, 2021 ND 223, ¶ 7, 967 N.W.2d 801. Rules "are construed as a whole and are harmonized to give meaning to related provisions." *Grand Prairie Agric., LLP v. Pelican Twp. Bd. of Supervisors*, 2021 ND 29, ¶ 7, 955 N.W.2d 87. Like the interpretation of a statute, the interpretation of a court rule is a question of law. *Fleck v. Fleck*, 2023 ND 129, ¶ 8, 993 N.W.2d 534.

[¶7] The defendant was served the original summons and complaint on April 25, 2023, commencing the action. N.D.R.Civ.P. 3 (stating a civil action is commenced by service of a summons). The summons notified the defendant that his failure to respond would result in a default judgment:

> Within 21 days after service of this summons upon you, you must serve on the undersigned an answer to the attached complaint or a motion under Rule 12 of the North Dakota Rules of

---

[1] The North Dakota Collectors Association notes in its amicus curiae brief that the creditors it serves are "extremely concerned about the affordability of paying additional costs of serving an additional notice of default judgment which, from their experience, does not increase the number of answers or appearances in these cases."

Civil Procedure. If you fail to do so, default judgment will be rendered against you for the relief demanded in the complaint.

[¶8]   Rule 5(a)(1), N.D.R.Civ.P., governs when service is required and states that pleadings served after the original summons and complaint and any written motions and notices must be served on every party unless the rules provide otherwise. Rule 5(a)(2), N.D.R.Civ.P., contains an exception: "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." *See also Olsrud v. Bismarck-Mandan Orchestral Ass'n*, 2007 ND 91, ¶ 14, 733 N.W.2d 256 (noting "no service of pleadings or other papers need be made on parties in default" under Rule 5(a)). Under N.D.R.Civ.P. 12(a)(1)(A), "a defendant must serve an answer within 21 days after being served with the summons and complaint." Discover argues that because the defendant did not answer or otherwise appear within 21 days after being served with the summons and complaint, he was in default and was not entitled to be served with the notice of filing the complaint or motion for default judgment.

[¶9]   The district court concluded service was required under N.D.R.Civ.P. 5(d)(2)(A)(ii), which states, "A party who files a complaint or other initiating pleading must serve notice of filing on the other parties." Discover filed the summons and complaint on May 25, 2023, along with its motion for default judgment, but did not serve a notice of filing on the defendant. Discover argues that when read with N.D.R.Civ.P. 5(a)(2), the phrase "the other parties" in Rule 5(d)(2)(A)(ii) does not include parties in default. We agree. Concluding that a notice of filing the complaint was required to be served on a defaulting party would render N.D.R.Civ.P. 5(a)(2) mere surplusage, which goes against our rules of statutory construction. Instead, conflicting rules are to be harmonized. *State v. Beilke*, 489 N.W.2d 589, 593 (N.D. 1992) ("We construe statutes to harmonize them and avoid conflicts."); *State v. Woytassek*, 491 N.W.2d 709, 712 (N.D. 1992) ("If two or more statutes relating to the same subject matter conflict, we attempt to give meaningful effect to each without rendering one or the other useless."). Under N.D.C.C. § 1-02-07,

4

Whenever a general provision in a statute is in conflict with a special provision in the same or in another statute, the two must be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision must prevail and must be construed as an exception to the general provision, unless the general provision is enacted later and it is the manifest legislative intent that such general provision shall prevail.

Rules 5(a)(2) and 5(d)(2)(A)(ii) can be harmonized by requiring a party who files a complaint to serve notice of filing on the other parties, except upon defaulting parties. To the extent there is an irreconcilable conflict, Rules 5(a)(1) and 5(d)(2)(A)(ii) are the more general rules on service and Rule 5(a)(2) is a specific rule omitting service on defaulting parties. Thus, N.D.R.Civ.P. 5(a)(2) prevails under these circumstances.

[¶10] Additionally, the district court stated in its order that the defendant has 14 days from the date of the filing of the "Notice of Filing" to respond to the motion for default judgment. Given the 14-day period to respond to the motion, the court appears to have required service of the motion for default judgment upon the defendant. *See* N.D.R.Ct. 3.2(a)(2) (providing non-movant 14 days to respond after service of motion and brief). To the extent the court required service of the motion for default judgment on the defendant, that requirement is contrary to the rules of civil procedure. Rule 5(d)(2)(A)(ii), N.D.R.Civ.P., only refers to service of the notice of filing the complaint (or other initiating pleading), not service of notice of filing the default judgment motion. Although service of the motion would normally be required under the general rule of N.D.R.Civ.P. 5(a)(1)(D) for appearing parties, Rule 5(a)(2) is the clear exception to that rule for defaulting parties.

[¶11] The general requirements for a default judgment are set forth in N.D.R.Civ.P. 55(a)(1)-(2),

**(a) Entry.** If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the failure is shown by declaration or otherwise, the court may direct

the clerk to enter an appropriate default judgment in favor of the plaintiff and against the defendant as follows:

(1) If the plaintiff's claim against a defendant is for a sum certain or a sum that can be made certain by computation, the court, on a declaration of the amount due and on production of the written instrument, if any, on which the claim is based, may direct the entry of judgment for the amount due plus costs and disbursements.

(2) In all other cases, the court, before directing the entry of judgment, must require the necessary proof to enable it to determine and grant any relief to the plaintiff. To this end, the court may:

> (A) Hear evidence and assess damages;
> (B) Direct a reference for an accounting or for taking testimony or for a determination of the facts; or
> (C) Submit any issue of fact to a jury.

"If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with a motion for judgment. Notice must be served with the motion and must comply with N.D.R.Ct. 3.2(a)." N.D.R.Civ.P. 55(a)(3). However, when a defendant has not appeared, he is not entitled to be notified of the motion for default judgment. *AE2S Constr., LLC v. Hellervik Oilfield Techs. LLC*, 2021 ND 35, ¶ 18, 955 N.W.2d 82; *Hatch v. Hatch*, 484 N.W.2d 283, 285 (N.D. 1992).

[¶12] In moving for default judgment, Discover declared the defendant is in default because he did not answer or otherwise appear. Discover declared a sum certain of $13,297.76 in its "affidavit of no answer" and supplemental affidavit of claim. Discover provided documentation of this amount by submitting an "account summary." Discover also filed a proposed order and judgment and an affidavit of costs and disbursements. In its order, the district court acknowledged the motion for default judgment was filed by Discover. The court did not state the motion was deficient under N.D.R.Civ.P. 55(a)(1) for lack of proof of the defendant's failure to appear or for lack of proof of a sum certain.

6

Nor did the court order evidence be heard or submitted under N.D.R.Civ.P. 55(a)(2).

[¶13] Under Rule 55(a) of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." (Emphasis added.) "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—*must* enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed.R.Civ.P. 55(b)(1) (emphasis added). Thus, the federal rule requires a two-step process, first entering default, and then entering default judgment. Another difference is the federal rule states the clerk "must enter" default and default judgment when the requirements are met. Whereas, N.D.R.Civ.P. 55(a) states the court "may direct the clerk" to enter default judgment and "may direct the entry of judgment" when the requirements are met. Thus, while our rule recognizes some court discretion, that discretion is limited to whether the declaration shows the defendant failed to plead or otherwise appear and shows a sum certain, and whether to award costs and disbursements under N.D.R.Civ.P. 55(a)(1). If further proof is required, the court has discretion to hear evidence and assess damages, direct a reference for an accounting or take testimony, or submit a factual issue to a jury. N.D.R.Civ.P. 55(a)(2). When the plaintiff declares the defendant did not answer or otherwise appear and its claim is for a sum certain—as evidenced through declaration and written instrument—the court abuses its discretion by failing to direct entry of default judgment.

[¶14] For these reasons, we conclude the district court erred by requiring Discover to serve the defendant with the notice of filing the complaint and motion for default judgment, contrary to our civil procedure rules.

IV

[¶15] We grant the relief requested in the petition for supervisory writ and direct the district court to vacate its order.

7

[¶16] Jon J. Jensen, C.J.
    Lisa Fair McEvers
    Jerod E. Tufte
    Douglas A. Bahr
    Norman G. Anderson, S.J.

[¶17] The Honorable Norman G. Anderson, S.J., sitting in place of Crothers, J., disqualified.